## Millius vs. Shafer.

The affidavit required by the statute (*Laws* 1831, *p.* 434, § 35,) to authorize a justice of the peace to issue an attachment, need not be signed by the deponent. If the witness be sworn and the justice take down and certify the testimony, it is a sufficient affidavit.

Where the bond executed upon an application for an attachment professed to be the bond of the creditor who applied, and of two sureties, and was executed thus: " W. S. *agent* for J. S." (the principal,) the sureties executing in proper form ; *held* sufficient, although the principal was not bound.

Error from the Columbia common pleas, to review a judgment of that court affirming a judgment rendered by a justice of the peace. The suit before the justice was by Jacob Shafer against Millius, and was commenced by attachment under the act to abolish imprisonment for debt, &c. (*Stat.* 1831, *p.* 404, § 34.) Walter Shafer, as the agent of the plaintiff, applied for the attachment and made a formal affidavit setting forth that the defendant was indebted to the plaintiff, and also stating certain facts tending to show that the defendant had assigned, disposed of or secreted his property, with intent to defraud his creditors. The justice then examined W. Shafer and another witness on oath as to other facts and circumstances to support the application, writing down the testimony of each as it was given, and certifying at the foot of each deposition that it was taken before him ; but these statements were not signed by the witnesses. The bond delivered to the justice commenced, " Know all men by these presents, that we Jacob Shafer by Walter Shafer his agent, and Russel G. Dorr and Walter Shafer, are held" &c., and was executed thus : " Walter Shafer agent for Jacob Shafer, L. S. ; Walter Shafer, L. s. ; Russel G. Dorr, L. s." Upon these papers the justice issued the attachment, and on the return day the defendant appeared and moved to quash the proceedings on the ground that the attachment had issued irregularly, there being, as he alleged, no sufficient affidavit or bond. The motion was denied. No plea was put in, and the justice, upon the plaintiff's evidence rendered judgment against the defendant, which

Bradley *v.* Burwell.

being affirmed by the common pleas on *certiorari,* the defendant brought error here.

*J. Gaul, jr.,* for the plaintiff in error.

*C. L. Monell,* for the defendant in error.

*By the Court,* BEARDSLEY, J.   I think there was no error in acting upon these sworn statements although not signed by the deponents.   The statute requires the proof to be made by affidavit; (*Laws* 1831, *p.* 404, § 35;) and these were affidavits although not signed. (*Jackson* v. *Virgil,* 3 *John.* 540.)   The facts and circumstances stated in these papers fully warrant the conclusion that the defendant below had assigned, disposed of, or secreted his property, with intent to defraud his creditors, or that he was about to do so, and were therefore sufficient to justify the issuing of an attachment. (*P.* 404, *supra,* § 34.)   The bond, as I think, was sufficient.   It was the bond of the agent W. S. individually, and another person, given on behalf of the plaintiff, and as such satisfies the statute, although the plaintiff may not have been bound by it.   The judgment should be affirmed.

Judgment affirmed.