## STONE v. MARVEL.

If the mortgager and mortgagee write their own names in the body of the affidavit to a mortgage of personal property, this is not a compliance with the statute, which requires that the mortgager and mortgagee shall make and *subscribe* the affidavit.

TRESPASS against the defendant as a deputy of the sheriff, who attached the goods described in the declaration, as the property of John Carlton, Jr. The plaintiff claimed title to the goods under a mortgage, which was duly executed in the usual form, except that the oath is as follows: "I, John Carlton, Jr., and I, Bradley Stone, do solemnly swear," &c. The parties, in their own handwriting, inserted their names in the oath as above, blanks being left for that purpose; but did not in any other manner subscribe the oath. The defendant maintained that this was not a compliance with the statute. For the purposes of this case, the foregoing facts were agreed, and the questions arising thereon were reserved for the consideration of the court.

*Morrison, Stanley & Clark*, for the plaintiff, cited *Randall* v. *Baker*, 20, N. H. 338; *Gilmore* v. *Gale*, 33 N. H. 418; *Hill* v. *Gilman*, 39 N. H. 94; 4 Kent's Com. 514, 4th ed.; Story on Prom. Notes, sec. 34.

*B. Wadleigh*, for defendant.

PERLEY, C. J. The statute requires that the mortgager and mortgagee of personal property shall make and subscribe an affidavit; that every such affidavit, with the certificate of the justice who administered the oath, shall be made upon, or appended to, such mortgage, and recorded therewith; that all wilful falsehood shall be deemed to be perjury and punished accordingly; and that no such mortgage shall be valid against any person, except the mortgager, his executors and administrators, unless possession is delivered, or unless the mortgage is sworn to and recorded in the manner herein prescribed. Com. St. 294, secs. 5, 8, 9 and 10.

An affidavit may be made without any subscription or signing by the affiant, and such an affidavit will be sufficient, unless some statute or rule of court requires it to be signed or subscribed. *Jackson* v. *Virgil*, 3 Johns. R. 540; *Millius* v. *Shafer*, 3 Denio 60. Our statute requires that the affidavit to a personal mortgage shall not only be made and sworn to, but subscribed; and also that *such* affidavit, that is, an affidavit, made and *subscribed*, shall be recorded with the mortgage. The statute is not content with providing in general terms that an affidavit to the mortgage shall be made and recorded; it goes further, and prescribes the manner and form in which the affidavit shall be executed and authenticated.

The word *subscribed*, when used in reference to the authentication of a writing or document, ordinarily implies that the name of the party who subscribes is set by him or by his authority at the bottom or end of

the writing or document; and we must take that to be the meaning of the term in the statute, unless we find something to control this construction. But we can discover no reason for denying to. this term, as used in the statute, its common and usual signification. The statute requires more than an ordinary affidavit; it is not enough that the affidavit has the jurat of the magistrate before whom it is sworn to; it must also be subscribed by the affiant. His name, written by himself in the body of the affidavit, is not a subscription in the usual sense of the word, and does not necessarily nor ordinarily imply an admission that he made and swore to the affidavit; and such an admission might be found very material, if he was indicted for perjury under the other provisions of the statute.

Then, again, the affidavit, thus subscribed, must be recorded with the mortgage. The intention of the statute doubtless was, that an inspection of the record should inform all parties interested whether the mortgage had been legally executed. But, unless the recorded affidavit had the names of the mortgager and mortgagee subscribed at the bottom, it would not appear, and could not be inferred, that they had signed the affidavit at all.

We do not mean to draw in question the authorities which hold, that, in some cases, writting the name in the body of an instrument is a sufficient signing.

The conclusion is that the affidavit in this case is not sufficient, not being *subscribed* by the mortgager and mortgagee, as the statute requires.