P. C. HARKEY v. W. P. HOUSTON and others.

A civil action to recover the possession of land under the new Constitution and the Code of Civil Procedure, abolishes the fictitious proceedings of the old action of ejectment, but does not surrender its advantages. Hence, in such action no more is put in issue than the right of entry, or the right to the present possession. This is so, at least, when no certain estate is alleged and claimed in the complaint, and put in issue by the pleading. Quere, whether a judgment, where a certain estate is alleged and demanded, would be an estoppel between the parties as to the right to the estate alleged ?

Under the Code of Civil Procedure, section 61, a landlord may be joined as a defendant with his tenant ; and by the Act of 1869–'70, ch. 193, the tenant and landlord thus defending must each give bond with good security to pay costs and damages if the plaintiff recovers, or if he be not able to give such bond, he must make affidavit of that fact, and get the certificate of an attorney practising in the Court that, in his opinion the plaintiff is not entitled to recover.

When the tenant fails to give such bond, or to swear to his answer when the plaintiff has sworn to his complaint, the plaintiff may take a judgment against him, but he cannot have an execution against him, until the further order of the Court which will not be made until after the trial of the issues between him and the landlord defendant, and the damages against the tenant will be matter of enquiry on the trial of such issue with the landlord, or separately as the Court may determine.

This was a civil action, brought by the plaintiff to recover the possession of a certain tract of land from W. P. and J. A. Houston, as the tenants in possession. E. A. Flow was afterwards made a defendant as the landlord, but being unable to give bond and security for the damages and costs,. made an affidavit of that fact, and filed a certificate of an attorney practising in the Court, in the following words: " I have examined the above case, and am of opinion that the defendants have a good defence to the action." The other defendants gave no bond, and failed to file an affidavit and certificate of an attorney instead thereof. The complaint was sworn to, and so was the answer of the defendant Flow,.

but the answer of the other defendants was sworn to by only one of them.

At the last term of the Superior Court for the County of MECKLENBURG, before his Honor *Logan, J.,* the plaintiff moved for judgment against the two Houstons, the tenants in possession, for a failure to give a bond with security as required by law, which motion was refused by his Honor, and the plaintiff appealed.

*Wilson* for the plaintiff.
*Barringer* and *Phillips & Merrimon* for the defendant.

RODMAN, J.   The fictitious proceedings by which a claimant to the possession of land was formerly in the habit of asserting his claim, have often been the subject of ridicule or reproach by those who either did not understand, or would not appreciate, the reasons upon which they were founded.   The forms in the now abolished action of ejectment, are yet too familiar to the profession to need to be recited, except in the briefest manner, in order to show the purposes which they had in view, and the difficulties they were designed to avoid.   The claimant made a fictitious lease to John Doe, who was supposed to have entered on the land, and to have been ejected by Richard Roe, who was known as the casual ejector, and thereupon Doe brings suit against Roe for the trespass and ejectment, and Roe by notice served on the tenant in possession, advises him to appear at Court and defend the action.   This notice was regarded as the summons or process to obtain an appearance in the action.   The object of the fictions was to avoid certain inconveniences which had been found to attend the real actions, and actions *ejectione fiomae,* formerly in use.   1 Roscoe, Real Act. 1, 2 *Ibid* 481.

1. It often happened that by some slip or accident, one of the parties obtained a judgment not upon the merits of

his case, and unless set aside by the Court, which there might be no ground for doing, the judgment was a perpetual estoppel against the other party, by which he was deprived of his freehold or inheritance in the lands. To avoid this harsh result, it became necessary to have an action in which the possession alone could be considered as in controversy, and the judgment in which would not finally bind the parties and their privies. This it was at last found could be best accomplished through the device of a fictitious lease and ouster, which was accordingly introduced through Rolle, C. J., during the protectorate.

2. Where a title to the land was asserted, and a judgment according to that title demanded, it was necessary to describe both the land and the title of the demandant, with a particularity which frequently exposed a just right of some sort to be lost through technicalities.

When our Constitution abolished the forms of actions at law, and prescribed that there should be but one form of action (Art. IV, sec. 1.) and the C. C. P. sec. 93, prescribed what the complaint should contain; by which the fictitious proceedings in ejectment were abolished; it was never contemplated to surrender the advantages which had been gained by so much labor and experience, and to return to the old real writs with all their *inevitable* attendants of particularity, and consequently of technicality, or that a single accidental or partial verdict, should forever estop a party from asserting a just claim.

To preserve those advantages, we must consider that by an action in which the plaintiff demands the possession of land under the Code, nothing more is put in issue than a right of entry or a right to the present possession. At least we must so consider it, when no certain estate is alleged and claimed in the complaint and put in issue by the pleadings; whether a judgment in an action alleging and demanding a certain estate, would be an estoppel between the parties as

to the right to the estate alleged, is a question of too much nicety and importance to be the subject of observation until the case shall occur.   We consider that the judgment in an action to recover the possession, is in the nature of a judgment in the former action of ejectment; that the Constitution and C. C. P. intended only to abolish the fictitious part of that action, and that the summons in the present action, takes the place of the notice from the casual ejector to the tenant in possession.

The recognition of this construction of the Code seemed indispensible to any decision of the questions of practice arising in this case.

Under the former practice in ejectment, when a tenant in possession was sued, his landlord might come in and be made a party, either alone or with a tenant, in the discretion of the Court.   C. C. P. sec. 61, prescribes that, in actions generally, all persons may be made defendants, who claim interests adverse to the plaintiff; and that, in an action to recover the possession of real estate, the landlord and tenant may be joined as defendants.

In this case, Flow, the landlord, was allowed to join as a defendant, upon making an affidavit and exhibiting an opinion of counsel, as required by the Act of 1869-'70, ch. 193, p. 241.   He answered.   The two defendants Houston, also answered, but they gave no security for costs, neither did they swear that they could not do so, so as to bring themselves within the exception of the Act of 1869-'70; and one of them only swears to the answer, the complaint having been verified.   The plaintiff moves for these reasons to set aside the answers of both the Houstons, and for judgment against them for want of an answer under sec. 217, C. C. P.   By sec. 248, C. C. P., the Court may give judgment against one or more of several defendants, and leave the action to proceed as to the others.

We think the plaintiff is entitled to judgment against

both the Houstons, by reason that they have not given bond and security under the Act of 1869-'70.   Had Flow given bond and security, we think it would have satisfied section 1, of that Act, and that it could not have been required of any of the other defendants in a case of this sort.   But although his affidavit and opinion, dispense with the bond as to him personally under the proviso to sec. 4; it does not dispense with it, as to his co-defendants.

But the plaintiff, although entitled to judgment against the Houstons, cannot have an execution against them until the further order of the Court, which will not be made until after the trial of the issues between him and Flow, because to give him possession now, would be to deprive Flow of it before a hearing.   This is in accordance with the former practice.   *Do. Dem. Lucy* v. *Bennett,* 4 Barne and Cress., 897, (10 E. C. L. R.)

The damages against the Houstons, will be matter of inquiry on the trial of the issues with Flow, or separately as the Court may deem convenient.

There is error in the proceedings below, and this case will be remanded for further proceedings according to this opinion.

PER CURIAM.                      Judgment reversed.