THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. KENYON, Respondent, v. JAMES SUTHERLAND, Appellant.

*Discharge under the insolvent act — review of, on certiorari — Notice of hearing must be given to all creditors — Affidavit — when fatally defective.*

Upon a *certiorari* to review a discharge under the insolvent act, granted by the city judge of Brooklyn, the court may review his jurisdiction, power and authority to do the act complained of, and also all questions as to the regularity of his proceeding.

A discharge under such act cannot be granted without proof of service of notice of the proceedings upon each of the creditors of the insolvent.

Although the act requires proof of such fact to be made "to the satisfaction" of the city judge, yet he is not authorized to receive any other than legal evidence of the fact, or dispense with any formality required to render the proof offered admissible, according to the settled rules of evidence.

To show service of notice of the hearing upon the creditors, a paper was produced, in the form of an affidavit, signed with the name of one Bower, and perfect in all respects as to its form except that no deponent was named in the body of the affidavit, a blank having been left for that purpose. *Held,* that the affidavit was insufficient.

Appeal from a judgment setting aside a discharge under the insolvent act, granted by the city judge of Brooklyn.

On the 12th day of June, 1860, the appellant obtained from the then city judge of Brooklyn, a discharge from his debts under the two-thirds act of this State. Among his debts, existing at that time, was one merged in a judgment in favor of Charles Storrs, the assignor of the respondent. The statute at that time required, as it now requires, as a preliminary to the granting of the discharge, that notice should be given either personally or

by mail of the application therefor to all the creditors, and that proof of the service of such notice should be made before the officer entertaining the proceedings. (Laws of 1847, chap. 366, p. 470.)

The proof of this service of notice was made by producing a paper in the following form :

" CITY OF BROOKLYN, ⎱ *ss.:*
   *County of· Kings,* ⎰

"——, being duly sworn, doth depose and say that he served a printed notice, of which the following is a true copy, on each of the following named persons, on the days and in the manner next herein specified, that is to say    *    *    *    *    *    *

" W. B. BOWER.

" Subscribed and sworn to before me, ⎱
   this 12th day of April, 1860.  ⎰

" W. W. FOWLER,
   *"Notary Public."*

A *certiorari* having been granted to review the proceeding before the city judge, the case came on to be heard before Mr. Justice PRATT, and he, after hearing all parties, gave judgment for the relator, setting aside the discharge.

*B. F. Sawyer*, for the appellant.

*W. S. Logan*, for the respondent. The writ of certiorari was the proper remedy in this case. (2 R. S., pt. 2, tit. 1. chap. 5, art. 8, § 47, pp. 49 and 50; *Moorehead* v. *Hollister*, 6 N. Y., 309.) The case was properly heard at Special Term. (Rule 53 of the Rules of Practice of the Courts of Record, adopted November 24th, 1874; *Courtney* v. *Baker*, 60 N. Y., 1.) If the judge grants the discharge without proof of service of notice of hearing having been given, it is granted without jurisdiction, and is void. (*Lewis* v. *Page*, 8 Abb. [N. S.], 200; *Marrow* v. *Freeman*, 61 N. Y., 515; *Stanton* v. *Ellis*, 16 Barb., 319; see, also, *Small* v. *Wheaton*, 4 E. D. Smith, 306.) When the statute says proof must be given, it means legal proof. Nothing else is known to the law. It must

be such proof as can be made the foundation of judicial proceedings. (*Stanton* v. *Ellis*, 16 Barb., 322; *Brown* v. *Huchman*, 9 Johns., 75; *Vosburg* v. *Welch*, 11 Johns., 175.) The paper is not an affidavit. The essential elements of an affidavit are that some one should make oath before a proper officer duly authorized to something, and that this officer should certify that the person had so made oath before him to such facts. (*Ladow* v. *Groom*, 1 Denio, 429; Burrells' Law Dictionary, Title affidavit; Bouvier's Law Dictionary, Title affidavit.

Gilbert, J.:

Power to hear the proceeding brought up by this *certiorari* was conferred upon the city judge by the twenty-sixth section of the City Court Act. (Laws of 1849, ch. 125 ; 2 R. S., 17, § 6 ; id., 34, § 1.) He was prohibited, however, from proceeding to hear the proofs and allegations of the parties, until proof should have been given to his satisfaction of the service of the notice of the proceeding on each of the creditors of the insolvent. (Laws 1847, ch. 366, §§ 1, 2.) It is not material to inquire whether an omission to give such notice is a jurisdictional defect, or a non-compliance with the statute only. For upon a *certiorari* to review a proceeding like that before us, the court may review all questions of jurisdiction, power and authority of the city judge to do the acts complained of, and all questions of the regularity of his proceedings. (*People* v. *Assessors*, 39 N. Y., 81 ; *People* v. *Betts*, 55 id., 600 ; *People* v. *Board of Police*, 69 id., 408.)

Independently of the positive requirement of the statute, notice is essential to the validity of all judicial proceedings which affect the person or the property of a citizen. (*Bloom* v. *Burdick*, 1 Hill, 139.) The insolvent act authorizes the discharge of the debtor without the consent of creditors who do not petition therefor. For that reason it is in derogation of the common law, and must, therefore, be strictly pursued. Another reason why the notice required by the statute is essential to the validity of the proceeding, is that by the terms thereof no discharge can be granted unless the provisions of the statute shall have been complied with. (2 R. S., 16, § 1.)

The only proof of a service of the notice in this case was a

paper purporting to be an affidavit, but which did not contain the name of the deponent, unless a signature at the end of the paper and opposite the jurat can be so considered. It has been held that if the deponent's name be mentioned in the affidavit *as deponent*, his signature is not absolutely necessary, if he be properly and duly sworn. (*Jackson* v. *Virgil*, 3 Johns., 539 ; *Milius* v. *Shafer*, 3 Denio, 60.) But I can find no case in which an affidavit was held to be good which did not mention the deponent's name in the body of the paper as the person who took the oath.

The provision of the statute which authorizes an affidavit to be read requires that the officer before whom it was taken shall certify that it was taken before him. (2 R. S., 284, § 49.) Such a certificate must show who took the oath, as well as the matter sworn to, otherwise there would be no certainty that the same person who signed the affidavit took the oath. When the name of the deponent is inserted in the affidavit, both of those facts are certified by the usual jurat. But a certificate which leaves the fact by whom the oath was taken uncertain, cannot be deemed a compliance with the statute last cited. I think, therefore, that the affidavit in this case was not legal proof, and that it was improperly received as such. The officer was not authorized to receive any other than legal evidence. Although proof to his satisfaction was sufficient, yet that did not authorize him to dispense with any formality which was necessary to render the proof offered admissible according to the settled rules of evidence. Other objections to the proceedings were insisted on, but as this one is decisive of the case, we have not examined them.

Upon the ground that proof of the service of the notice to the creditors was not given, we are of opinion that the judgment should be affirmed.

Barnard, P. J., concurred.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Judgment affirmed, with costs.