Reynolds, J.
If an actual signing of an instrument by writing the name at the end of it, is necessary to constitute an execution of the instrument, then the undertaking in question was not executed; the only signature of either defendant was that at the end of the jurat, by which he swore to his sufficiency as *245 surety. But their names are written in the instrument as those of the parties who undertake, &e. They justify upon the same paper, and appear before a notary, and acknowledged that they have executed the “foregoing instrument.” This is certainly a strong way of giving their assent to the contract contained in it, and there can be very little doubt that they supposed at the time that they had bound themselves by it. If they omitted signing at the end of the undertaking by design, it would certainly look like an intentional deception; in which case they should be estopped from disputing the execution after the paper has answered its purpose by staying the plaintiff’s proceedings.
But we think that what the defendants did amounted to an execution of the paper. Under our statute of frauds, requiring a memorandum in writing to be subscribed, <£c., it has been held sufficient if the names of the parties to be bound appear in the body of the instrument (Davis v. Shields, 24 Wend. 322).*
This doctrine has generally been applied where the party to be charged wrote the instrument, then writing his own name, but this, we apprehend, is not essential. It has been held that when a trader, who is in the habit of delivering printed bills of parcels, to which his name is prefixed, delivered one containing the quantity and price of the article, it was a good note in writing within the statute of frauds, particularly if it is referred to by a subsequent letter (Sanderson v. Jackson, 3 E. P. 180).
In Schneider v. Norris (2 M. & S. 286), held that a bill of parcels in which the name of the vendor was printed, and that of the vendee written by the vendor, was a sufficient memorandum within the statute of *246 frauds, and charged the vendors. Lord Ellenboeough said,, “here there is a sig'ning by the party to be charged, by words recognizing the printed names as much as if he had subscribed his mark to it, which is strictly the meaning of signing; and by that the party has incorporated and avowed the thing to be his, and it is the same as if he had written Norris & Co., with his own hand” (See also, 3 Parsons Cont. 4-10).
In the case before us, the undertaking was to be executed; and conceding that this required that it should be signed, which is undoubtedly the common understanding as to the mode of execution, the foregoing and other authorities show that this is substantially done when the party writes his name in the body of the instrument, or adopted in that connection. This the defendants did most unequivocally by their justification and acknowledgment before the notary. We think, therefore, that the plaintiff should have judgment.
New trial granted, with costs of appeal to appellant, to abide the event.
Neilsom", J.—I concur in this opinion and in the conclusions. The principle involved is well illustrated in Jackson ex dem. Kenyon v. Virgel (3 Johns. 540), and in Millius v. Shafer (3 Den. 60), and in the cases there recited.

 Reversed in 26 Wend. 341. The case in the text is, however, sustained by analogy by Hubbell v. Livingston, 3 Code R. 63, as well as by the other cases cited.