## MARY A. ALFORD v. E. L. McCORMAC.

*Pleading, verification of—Signature of Affiant not necessary to Affidavit.*

1. Where a pleading is verified, every subsequent pleading except a demurrer must be verified also; *Hence,* if the plaintiff verify his complaint and the defendant fail to verify his answer, the plaintiff is entitled to judgment.
2. An affiant is not required by our statute to subscribe the affidavit. It is sufficient if the oath be administered by one authorized to administer oaths.

(*Harkey* v. *Houston,* 65 N. C., 137; *Alspaugh* v. *Winstead,* 79 N. C., 526; *Wynne* v. *Prairie,* 86 N. C., 73; *Rogers* v. *Moore, Ib.,* 85, cited and approved).

CIVIL ACTION tried at January Term, 1884, of ROBESON Superior Court, before *MacRae, J.*

The defendant excepted to the ruling of the court below and appealed from the judgment rendered.

*Messrs. Rowland & McLean,* for plaintiff.
*Messrs. J. D. Shaw, T. A. McNeill* and *Frank McNeill,* for defendant.

MERRIMON, J. This action is founded upon a promissory note properly pleaded. The plaintiff made the usual affidavit of verification of the complaint, except that she failed to subscribe her name to it. She did, however, subscribe the complaint.

The defendant filed his answer without verification. Thereupon, at the appearance term the plaintiff moved for judgment as in case no answer had been filed. The court allowed this motion, and gave judgment in favor of the plaintiff for the amount of her debt and costs. The defendant excepted, upon the ground that as the plaintiff failed to subscribe her name to the affidavit of the verification, the complaint was not verified as required by law, and he could not, therefore, be required to verify his answer.

It is required by THE CODE, §257, that "every pleading in a court of record must be subscribed by the party or his attorney;

and when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also."

This court has repeatedly held in construing this section that if a pleading be verified, and the subsequent one shall not be, the latter may be set aside and disregarded; and in case the plaintiff verifies his complaint, and the defendant fails to verify his answer, the plaintiff may take judgment as if no answer had been filed. THE CODE, §385; *Harkey* v. *Houston*, 65 N. C., 137; *Alspaugh* v. *Winstead*, 79 N. C., 526; *Wynne* v. *Prairie*, 86 N. C., 73; *Rogers* v. *Moore, Ib.*, 85.

So that the judgment was regular and proper, unless, as the defendant contends, the complaint was not duly verified, because the plaintiff failed to subscribe the affidavit of verification.

The verification of pleadings must be by affidavit. THE CODE, §258. But the statute does not in terms or specifically require that it shall be *subscribed* by the affiant, and it need not be, unless an affidavit is incomplete and inoperative without it.

An affidavit is defined to be "an oath or affirmation reduced to writing, sworn or affirmed to before some officer who has authority to administer it." Another author defines it to be "an oath in writing, sworn before some judge or officer of a court, or other person legally authorized to administer it; a sworn statement in writing; a statement in writing of one or more matters of fact, signed by the party making it, and sworn to before an authorized officer." Burrill Law Dict. and Bouvier Law Dict.—*Affidavit.*

The essential requisites are, apart from the title in some cases, that there shall be an oath administered by an officer authorized by law to administer it, and that what the affiant states under such oath shall be reduced to writing before such officer. The signing or subscribing of the name of the affiant to the writing is not generally essential to its validity; it is not, unless some statutory regulation requires it, as is sometimes the case. It must be certified by the officer before whom the oath was taken before it can be used for legal purposes; indeed, it is not complete or

operative until this is done. The certificate, usually called the *jurat*, is essential, not as part of the affidavit, but as official evidence that the oath was taken before a proper officer. The object of such an instrument is to obtain the sworn statement of facts in writing of the affiant in such official and authoritative shape, as that it may be used for any lawful purpose, either in or out of courts of justice. The signature of the affiant can in no sense add to or give force to what is sworn, and what is sworn is made to appear authoritatively by the certificate of the officer.

This seems to us to be a reasonable view of the principal requisites of an affidavit, and although there is some contrariety of judicial decision upon the subject, the weight of authority sustains it. *Jackson* v. *Vogel*, 3 Johns, 540; *Hoff* v. *Spicer*, 3 Cains, 190; *Melins* v. *Shaffer*, 3 Denio, 60; *Burkit* v. *Gerrard*, 1 Harr. (N. J.), 124; *Shelton* v. *Berry*, 19 Texas, 154; *Watts* v. *Womack*, 44 Ala., 605; *Noble* v. *United States*, Dev. (Ct. Cl.), 83.

While the law is as we have expounded it, the general practice in this state has been to require the affiants to subscribe their names to the affidavits made by them. This is a wholesome practice, and we commend it. It ought to be observed by all officers who take affidavits for any purpose, not because it is essential, but because it serves to supply strong additional evidence that the affiant swore what is set down in the writing, in case it should at any time be brought in question. The certificate of the officer taking it is official, but not conclusive evidence of what appears to have been sworn.

As we have said, it is sometimes required by statute that affidavits shall be subscribed by the parties making them. Of course, in such cases, they would be incomplete and inoperative without the signature of the affiant subscribed by him.

There is no error and the judgment must be affirmed.

. No error. Affirmed.