STATE OF NORTH CAROLINA v. JAMES CAMPBELL McKINNON

No. 6916SC40

(Filed 2 April 1969)

**1. Criminal Law § 23— appeal from guilty plea**

Defendant's plea of guilty precludes defendant from questioning the facts charged in the indictment, and his appeal presents only the question

of whether the facts charged constitute an offense punishable under the laws and Constitution.

**2. Criminal Law § 23—  guilty plea — voluntariness**

Defendant's plea of guilty will not be disturbed on appeal where the record reveals that upon examination of defendant in open court the trial judge determined that the plea was freely, understandingly and voluntarily made.

APPEAL by defendant from *Burgwyn, E.J.,* at the August 1968 Session of ROBESON Superior Court.

The record filed in this court indicates a defect in the bill of indictment. However, by appropriate order we have obtained from the Clerk of the Superior Court of Robeson County a true copy of the bill of indictment and find that the same properly charges that the defendant did on 28 December 1967 unlawfully, willfully and feloniously assault one Kathleen Lennon with a certain deadly weapon, to wit: a rifle, with the felonious intent to kill and murder the said Kathleen Lennon, inflicting serious injuries upon the said Kathleen Lennon not resulting in death.

The indictment was returned by the grand jury at the January 1968 Criminal Session, and on 2 May 1968 Carr, J., upon a determination of defendant's indigency, appointed Everett L. Henry, Esq., of the Robeson County Bar, to represent the defendant.

The case was called for trial on 14 August 1968 at which time the defendant, through his said court-appointed attorney, entered a plea of guilty to the charge contained in the bill of indictment. At the same time, defendant executed an affidavit in the form of twelve questions and answers to the effect that he fully understood the charges against him, that he was guilty of the charges, that he understood that upon a plea of guilty he could be imprisoned for as much as ten years, that he was satisfied with the services of his attorney and that he freely, understandingly and voluntarily authorized and instructed his attorney to enter a plea of guilty. After hearing evidence, the trial judge entered judgment that defendant be confined in State Prison for a term of not less than six nor more than ten years and assigned to work under the supervision of the State Department of Correction.

On 16 August 1968, defendant appeared before the trial judge and stated his desire to appeal from the judgment imposed. Upon a determination that defendant was indigent, the court allowed him to appeal as a pauper and appointed Attorney Fred Musselwhite to represent the defendant on appeal.

*Attorney General Robert Morgan and Assistant Attorney General George A. Goodwyn for the State.*

*Musselwhite & Musselwhite by Fred L. Musselwhite for defendant appellant.*

BRITT, J.

[1]   The sole exception appearing in the record is to the judgment entered by the trial judge. In *State v. Warren,* 113 N.C. 683, 18 S.E. 498, it is said:

> "The defendant having pleaded guilty, his appeal could not call in question the facts charged nor the regularity and correctness in form of the warrant. * * * He is concluded as to these. * * * The appeal could only bring up for review the question whether the facts charged, and of which the defendant admitted himself to have been guilty, constitute an offense punishable under the laws and Constitution."

The foregoing excerpts from *State v. Warren, supra,* were quoted with approval in an opinion by Sharp, J., in *State v. Smith,* 265 N.C. 173, 143 S.E. 2d 293; also in an opinion by Parker, J. (now C.J.), in *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591.

[2]   In his brief, defendant's counsel argues that defendant's plea of guilty was not freely, understandingly and voluntarily made. Assuming, *arguendo,* that this question is properly before us, the record discloses the following adjudication made by the trial judge prior to imposing sentence:

> "Upon examination of the defendant in open court, it is ascertained, determined and adjudged that the plea of guilty is freely, understandingly and voluntarily made, without undue influence, compulsion or duress and without promise of leniency and it is ordered that his plea of guilty be entered."

We hold that defendant was properly sentenced upon a valid bill of indictment and that the sentence imposed by the trial judge was within the statutory limits and did not violate any provision of the Federal or State Constitutions.

The judgment of the superior court is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.