CHARLES YARBOROUGH, PETITIONER v. STATE OF NORTH CAROLINA, RESPONDENT

No. 697SC554

(Filed 17 December 1969)

1. Criminal Law § 181— post-conviction review — insufficiency of findings of fact — remand

Order in a post-conviction hearing *is held* erroneous where (1) there was no evidence to support trial court's finding that defendant effectively waived his right to counsel, (2) trial court failed to make any finding with regard to defendant's contention that he had been given an excessive sentence on one of the charges, and (3) the court made no determination that the defendant entered pleas of guilty freely, knowingly, and understandingly; the cause is remanded to the superior court for sufficient findings of fact and conclusions of law.

2. Criminal Law § 175— review on appeal — findings of fact

The appellate court cannot find the facts, but it is incumbent upon the trial court to find the facts and such facts must be supported by some evidence in the record.

ON writ of certiorari to NASH County Superior Court.

Petitioner filed a petition for a post-conviction review at the April 1969 Session of Nash County Superior Court. On 3 April 1969 Hubbard, J., entered an order denying petitioner's motion for a new trial. Petitioner applied for a writ of certiorari which was allowed.

The record discloses the following factual situation:

1. On 4 August 1964 a warrant was issued upon complaint by Daphine Foster charging the defendant with committing the felony of rape on 2 August 1964.

2. On 4 August 1964 a warrant was issued on complaint of Willie Frank Foster charging the defendant with the felony of a secret assault, on 2 August 1964.

3. During the week of 24 August 1964 at a Criminal Term of the Superior Court of Nash County, two bills of indictment were returned against the defendant, one of which charged him with the felony of rape on 2 August 1964 of Daphine Foster, and the other charging the defendant with the felony of a secret assault on 2 August 1964 of Willie Frank Foster.

4. On 25 August 1964 upon a finding that defendant was an indigent, an attorney was duly appointed to represent him by an order of Mintz, J., who was the presiding judge.

5. On 28 August 1964 in open court, the defendant, in person and through his attorney, tendered a plea of guilty to an assault with intent to commit rape and a plea of guilty to a secret assault with intent to kill. The defendant was interrogated by the presiding judge. On this interrogation the defendant indicated that he understood the nature of the charges made against him and that he was ready for trial and had had ample opportunity to confer with his attorney and that he had authorized his attorney to enter the pleas which had been entered and that he understood the penalties which could be imposed upon the pleas entered. After this interrogation the pleas which had been tendered were accepted by the State and the Court entered a judgment of imprisonment in the State's Prison for a term of not less than 10 nor more than 12 years on the charge of an assault with intent to commit rape. On the charge of a secret assault the court entered a judgment that the defendant be committed to the State's Prison for a term of not less than 10 nor more than 12 years, this sentence to run consecutively with the previous sentence.

6. On 31 August 1964 commitment on each judgment was entered and the defendant was placed in the custody of the warden of the State's Prison.

7. On 21 June 1968 the defendant filed a petition for a postconviction review asserting that he was being confined illegally and contrary to his constitutional rights. In this petition the defendant asserted that the sentence of 10 to 12 years on the secret assault charge was excessive for that the maximum could not exceed 10 years. He further asserted that with regard to the charge of an assault with intent to commit rape there was no evidence to justify such a conviction; that his attorney had used trickery and flattery to cause the defendant to enter a plea of guilty and that his attorney had promised him that if he entered a plea of guilty he would receive a sentence of only 10 years; whereas, if he did not plead guilty, he would receive a much longer sentence. Upon this petition he requested a hearing and that he either be released from prison or granted a new trial.

8. On 12 September 1968 upon a finding that the defendant was an indigent, Mintz, Judge Presiding, appointed an attorney to represent the defendant.

9. On 12 March 1969 Hubbard, Judge Presiding, entered an order setting the hearing on the petition for 31 March 1969 and directing the Solicitor on behalf of the State to file an answer to the petition.

10. On 31 March 1969 the Solicitor on behalf of the State filed an answer to the petition denying the factual averments in the petition and asserting that the petitioner had entered the plea freely and voluntarily and that none of his rights had been violated.

11. On 2 April 1969 the defendant filed an amendment to the petition for review, and in this amended petition asserted that his constitutional rights had been violated at the time of his original trial in August 1964 in the following respects:

(a) After his arrest and while in custody the defendant was interrogated by the Sheriff and other officers without benefit of counsel.

(b) That even though defendant had requested counsel, same had not been afforded to him, and during his interrogation without counsel, he had made incriminating statements, and these statements caused counsel subsequently to recommend that he enter a plea of guilty.

(c) That defendant was arrested 2 August 1964 and was not provided counsel until 25 August 1964 and that counsel had not had an opportunity to make a complete investigation and prepare for trial.

(d) That defendant had not been provided with effective assistance of counsel at his trial for that the attorney had not made a complete investigation of the factual situation.

(e) That counsel afforded to the defendant had made no attempt to suppress incriminating statements made by the defendant during his interrogation by the Sheriff's Department and to the contrary had recommended to the defendant that he enter a plea of guilty because of incriminating statements previously made.

(f) That the only investigation made by counsel was to interview the Sheriff and the Sheriff's deputies and that this constituted ineffective preparation.

(g) That the plea of guilty was coerced for that the defendant had been advised by both appointed counsel and the presiding judge that he might receive the death sentence if convicted of the charge of rape and that this induced him to enter a plea of guilty to the lesser offense.

12. On 3 April 1969 the Solicitor on behalf of the State filed an answer to the amended petition denying the factual averments thereof.

13.  On 3 April 1969 Hubbard, Judge Presiding, entered the following order:

### "ORDER OF THE COURT DENYING NEW TRIAL IN EACH CASE

This cause coming on to be heard and being heard before the undersigned Judge holding the Courts of the Seventh Judicial District upon a petition filed in the office of the Clerk of Superior Court of this County on 21 June 1968 and upon an amendment to the petition filed at the beginning or during the hearing, together with answer likewise filed at the beginning of this hearing.

The petitioner-defendant was present in court in person, represented by Robert M. Wiley, Esq., member of the Nash County Bar, and the State was represented by Roy R. Holdford, Jr., Esq., Solicitor for the District.

The defendant testified in his own behalf and offered evidence. The State likewise offered evidence. From the evidence the Court makes the following findings of fact:

The defendant was charged in a bill of indictment returned at the August 1964 Session of Nash County Superior Court with rape. He was also charged in another bill of indictment returned at the same session, with secret assault. According to the court records Mr. J. E. Davenport, member of the Nash County Bar, was appointed by the Court to defend the petitioner-defendant on the rape and assault charges. This appointment apparently was made on the 25th of August, as that is the date on which the order of appointment was signed. After being appointed, Mr. Davenport immediately began making an investigation into the charges, issued subpœnæs for certain witnesses whose names were furnished him by the defendant, and talked to the arresting officers and the petitioner-defendant. Mr. Davenport as well as the defendant apparently felt that he had ample time to investigate and prepare for trial as neither Mr. Davenport nor the defendant requested any continuance, according to the record. Mr. Davenport testified that no request for a continuance was made. Both the petitioner and Mr. Davenport, his attorney, testified emphatically, and the Court finds the testimony to be true, that the defendant never consented or agreed to plead guilty to rape.

With respect to the allegation that the defendant entered a plea of guilty to assault with intent to commit rape in order to

avoid the possibility that he might be placed on trial for rape and thereby endanger his life, the Court finds that such was not the case, and bases its finding on the fact that the original petition signed by the petitioner-defendant filed herein makes no mention of such fear, and that Mr. Davenport was of the opinion that after his investigation into the facts of the case that the defendant would not be convicted of rape. This conclusion is corroborated by the testimony of the Sheriff that he, after conferring with the Solicitor, informed Mr. Davenport that the State would not seek the death penalty, and by the fact that rather than entering a plea of guilty to rape, which if accepted by the State would have carried a mandatory life sentence, a plea of guilty to assault with intent to commit rape was tendered and accepted by the State, and sentence of not less than 10 nor more than 12 years imposed.

With respect to the contention of the petitioner that his constitutional rights were denied in that he was entitled to the appointment of counsel, or the right to consult with counsel, immediately upon his arrest, the Court finds that he was not warned of his constitutional right to counsel on the day he was taken into custody but was warned of his right to counsel and his rights under the *Escobedo* case the following morning, prior to the time he made any incriminating statements, and defendant, after such warning, effectively waived his right to counsel with respect to the statements made on that date.

IT IS, THEREFORE, UPON THE FOREGOING FINDING AND CONCLUSIONS, ORDERED:

That the petition for a new trial in each of the cases be and the same is hereby denied.

It is directed that a copy of this Order be forwarded to the petitioner, in care of the Department of Correction, Raleigh, N. C., to Robert M. Wiley, Esq., Rocky Mount, N. C., to Roy R. Holdford, Jr., Esq., Solicitor, Wilson, N. C., and to the Department of Correction, 835 W. Morgan Street, Raleigh, N. C.

This 3rd day of April, 1969.

s/ HOWARD H. HUBBARD<br>Judge Presiding"

To review this order we allowed a petition for writ of certiorari.

*Attorney General Robert Morgan and Staff Attorney Howard P. Satisky for the State.*

*Robert M. Wiley and Samuel S. Woodley for petitioner appellant.*

CAMPBELL, J.

The petitioner in his original petition and in the amended petition asserted that his constitutional rights had been violated and therefore he was being illegally restrained. He alleged the following violations:

1. He was given an excessive sentence on the secret assault charge.

2. He had been improperly induced and coerced to submit a plea of guilty.

3. He had been improperly interrogated and incriminating statements procured thereby.

4. He had not been provided with counsel in apt time and counsel had not properly prepared the case for trial.

The evidence introduced at the hearing was adequate to show that an attorney was appointed for the defendant and that this attorney interviewed the defendant and investigated the case prior to and after the signing of the order making the formal appointment; that this attorney adequately investigated the case and prepared for trial. Thus the evidence amply supports the finding of fact made by Judge Hubbard that the appointed attorney, Mr. Davenport, made an investigation and had ample time to do so and prepare for trial. Likewise the evidence was ample to support the finding of Judge Hubbard that the defendant did not enter a plea of guilty to assault with intent to commit rape because of any coercion, fear or other improper inducement.

There is no evidence in the record to support the finding of fact by Judge Hubbard that the defendant "effectively waived his right to counsel." He was advised, according to the evidence, that he did not have to make any statement to the Sheriff, and that any statement that he might make could be used against him in court. This warning was given to him by the Sheriff before the defendant made any statement to the Sheriff, but this was the only warning given to him and nothing was said about an attorney. The defendant was arrested and tried in August 1964. This was prior to the *Miranda* decision, and the *Miranda* decision is not retroactive. *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966); *Johnson v. New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772 (1966). The defendant made no request for an attorney, and no warning concerning an attorney was required. The requirements of the *Escobedo* case were complied with. *Escobedo v. Illinois*, 378

U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964). Compare with *S. v. Williams*, 269 N.C. 376, 152 S.E. 2d 478 (1966).

The record in this case does not show that the defendant made any incriminating statements which in any way affected his trial and the pleas of guilty which he entered. Nor does it show that Judge Hubbard made a finding with regard to the contention of the defendant that he had received an excessive sentence on the secret assault charge.

[1] In view of the fact that (1) Judge Hubbard found that the defendant "effectively waived his right to counsel" when there is no evidence to support such a finding, (2) that Judge Hubbard failed to make any finding whatsoever with regard to the contention of the defendant that he had been given an excessive sentence on the secret assault charge and (3) that Judge Hubbard's order fails to indicate any determination that the defendant entered pleas of guilty freely, knowingly, understandingly and voluntarily, we think that the order entered by Judge Hubbard is deficient. See *State v. McKinnon*, 4 N.C. App. 299, 166 S.E. 2d 534 (1969).

[2] The Appellate Court cannot find the facts. It is incumbent upon the trial court to find the facts and such facts must be supported by some evidence in the record. In the instant case the trial court found facts not supported by any evidence in the record and failed to find essential facts even though there was evidence in the record pertaining thereto.

This case is remanded to the Superior Court of Nash County for findings of fact and conclusions of law based thereon in keeping with the contentions set forth in the petition and amended petition and the evidence which was introduced.

PARKER and GRAHAM, JJ., concur.