State v. Lloyd

STATE OF NORTH CAROLINA v. MARK RAY LLOYD

No. 705SC640

(Filed 16 December 1970)

1. **Criminal Law § 25— voluntariness of nolo contendere plea — defendant's expectation of suspended sentence**

    Defendant's contention that he entered a plea of *nolo contendere* with the expectation of receiving a suspended sentence and that the trial court erred in accepting the plea and imposing a five-year prison sentence on him, *is held* without merit, where the record discloses (1) that the trial court explicitly told the defendant that a *nolo contendere* plea would not benefit him and (2) that the defendant clearly understood the possible consequences of such plea.

2. **Criminal Law § 25— voluntariness of nolo contendere plea — applicable standards**

    The rules which apply to the voluntariness of guilty pleas also apply to the voluntariness of *nolo contendere* pleas.

APPEAL from *Cowper, Superior Court Judge,* 5 June 1970 Session of NEW HANOVER Superior Court.

Defendant was charged with five counts of possession and sale of narcotic drugs. Drugs involved included heroin, LSD and cannibis resin in excess of 1/10 of a gram. Five true bills of indictment were returned against the defendant by the New Hanover County Grand Jury on 27 April 1970. All five cases were consolidated for trial on 26 May 1970, and defendant, through his court-appointed counsel, pled *nolo contendere* to five counts of possession of narcotic drugs. Defendant was sentenced

to a total of five years in the North Carolina State Prison. Defendant appealed, and counsel was appointed by the court to perfect this appeal.

*Attorney General Morgan by Staff Attorneys Ricks and Satisky for the State.*

*Carlton S. Prickett, Jr., for defendant appellant.*

MORRIS, Judge.

[1]  The defendant's only assignment of error is that the court erred in accepting the defendant's plea of *nolo contendere* when the defendant submitted the plea with the expectation of receiving a suspended sentence or some expectation of being helped by the plea.

The record discloses that when the defendant was being questioned by the court in regard to his plea of *nolo contendere,* in response to the court's question "Has the solicitor, or your lawyer, or any policeman, law officer or anyone else made any promise or threat to you to influence you to plead NOLO CONTENDERE?", the following transpired:

"DEFENDANT: Uh—

MR. PRICKETT: May I approach the bench?

COURT: Yes, sir.

COURT: As I understand, you say that Agent Christian indicated to you that you could be helped by a plea?

DEFENDANT: Yes, sir.

COURT: You understand that is not true?

DEFENDANT: (NO ANSWER)

COURT: I am telling you that it is not?

DEFENDANT: Yes, sir.

COURT: All right.

COURT: Do you still want to enter your plea of *nolo contendere*?

DEFENDANT: Yes, sir.

COURT: Has anyone violated your constitutional rights?

DEFENDANT: No, sir.

COURT: Do you freely, understandingly and voluntarily authorize and instruct your lawyer to enter on your behalf a plea of *nolo contendere*?

DEFENDANT: Yes, sir.

COURT: Do you have any questions or any statement to make about what I have just said to you?

DEFENDANT: No, sir."

The record further discloses that defendant, in writing, answered all the questions asked orally and signed the "transcript of plea" certifying to the truth of his answers. The court thereupon entered its adjudication that the defendant's plea was freely, understandingly, and voluntarily made.

"[A] plea of *nolo contendere* to a warrant or an indictment, good in form and substance, when accepted by the Court, becomes an implied confession of guilt, and for the purposes of that case only is equivalent to a plea of guilty." *State v. Barbour*, 243 N.C. 265, 90 S.E. 2d 388 (1955).

"A plea of *nolo contendere,* although not strictly a confession of guilt, nevertheless will support the same punishment as a plea of guilty. The rule of strict construction in favor of an accused, therefore, requires that a plea of *nolo contendere* be treated as a plea of guilty in so far as the right to be examined by the judge and to be informed as to the consequences of such plea." *State v. Payne,* 263 N.C. 77, 138 S.E. 2d 765 (1964).

[2] The rules which apply to voluntariness of guilty pleas also govern this case. This Court in *State v. McKinnon,* 4 N.C. App. 299, 166 S.E. 2d 534 (1969), said that defendant's plea of guilty would not be disturbed on appeal where the facts showed that "defendant executed an affidavit in the form of twelve questions and answers to the effect that he fully understood the charges against him, that he was guilty of the charges, that he understood that upon a plea of guilty he could be imprisoned for as much as ten years, that he was satisfied with the services of his attorney and that he freely, understandingly and volun-

tarily authorized and instructed his attorney to enter a plea of guilty."

[1] Here the court was apprised of defendant's statement that an agent had indicated that a plea would be helpful to him. The court immediately informed defendant that the entering of a plea would make no difference, and the defendant clearly indicated that he understood and still wanted to enter his plea. This was reiterated by his written and signed answers to the questions asked him in open court. The record is replete with evidence of the fact that defendant thoroughly understood the charges, the possible punishment and the effect of his plea. With commendable candor, counsel for defendant informed the Court that the appeal was perfected through insistence of defendant and not upon his recommendation.

No error.

Judges BROCK and VAUGHN concur.