State v. Lindsey

STATE OF NORTH CAROLINA v. LEON LINDSEY

No. 7226SC53

(Filed 26 April 1972)

1. **Criminal Law § 23— guilty plea — voluntariness — showing in record**
    A plea of guilty must be vacated where the record does not show affirmatively that the plea was voluntarily entered.

2. **Criminal Law § 159— record on appeal — duty of appellant**
    Appellant has the duty to see that the record on appeal is properly made up, and the record must necessarily include the issues involved in the appeal. Court of Appeals Rule 19.

3. **Criminal Law § 23— guilty plea — voluntariness — failure to make findings**
    Where defendant entered his plea of guilty in open court after consultation with his attorney, and was examined as to the voluntariness of the plea by his own attorney, it was not error for the trial court to accept defendant's plea without making independent findings that the plea was voluntary.

APPEAL by defendant from *Fountain, Judge,* at the 7 September 1971 Session of MECKLENBURG Superior Court.

This defendant was charged in a warrant with the larceny of three pairs of pants valued at $25.97. He entered a plea of not guilty at his trial in the District Court. The Court returned a verdict of guilty and defendant appealed to the Superior Court.

In the Superior Court the State put on the testimony of the arresting officer. The defendant then requested a recess, and, after conferring with his attorney, withdrew his plea of not guilty and entered a plea of guilty as charged.

The Court rendered judgment imposing a jail sentence.

From the judgment the defendant appeals.

*Attorney General Robert Morgan by Associate Attorney Thomas E. Kane for the State.*

*Plumides & Plumides by Michael S. Shulimson for defendant appellant.*

CAMPBELL, Judge.

The sole question presented on appeal is whether the defendant's guilty plea was entered voluntarily.

[1]  .The defendant contends that the record on appeal is silent as to the voluntariness of defendant's plea of guilty and that the defendant is entitled to a new trial where the record does not reveal that the plea was voluntarily entered. We agree that a plea of guilty must be vacated where the record does not show affirmatively that the plea was voluntarily entered. *State v. Harris*, 10 N.C. App. 553, 180 S.E. 2d 29 (1971). *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969).

In this case, however, the Attorney General has, after proper motion, filed an addendum to the record which reveals that, after testimony by the State's first witness, the defendant requested a recess for the purpose of conferring with his attorney. The recess was granted and defendant consulted with his attorney. After such consultation, defendant withdrew his plea of not guilty and entered a plea of guilty as charged. The defendant at this time testified, on examination by his own attorney in open court, that he realized he was tendering a plea of guilty to taking the pants and that he was doing this of his own free will.

[2]  The record on appeal, as originally filed, was silent on the issue in point merely because defendant omitted the facts included in the State's addendum from the original record. The appellant has the duty to see that the record on appeal is properly made up. *State v. Thigpen*, 10 N.C. App. 88, 178 S.E. 2d 6 (1970). The record must necessarily include the issues involved in the appeal. Rule 19, Rules of Practice in the Court of Appeals of North Carolina. Appellant will not be permitted to benefit from his own omission. We note that the same attorney appeared for the defendant both in the trial court and on

this appeal. This attorney has evidently attempted to deceive this Court. Such conduct, if true, is reprehensible. We also note that the local solicitor carelessly failed to detect this vital omission from the record when he stipulated to the correctness of the case on appeal. We again remind solicitors, who have the responsibility of getting correct records in criminal cases to this Court, that they should be careful before stipulating to the correctness of records.

[3] A review of the record, as amended, reveals that the defendant entered his plea of guilty in open court after consultation with his attorney. He was then examined as to the voluntariness of the plea by his own attorney. Under these circumstances it was not error for the trial court to accept defendant's plea and not make independent findings that the plea was voluntary. However, it is better practice to always do so. *State v. Johnson*, 7 N.C. App. 53, 171 S.E. 2d 106 (1969); *State v. Ford*, 13 N.C. App. 34, 185 S.E. 2d 328 (1971). The plea will not be disturbed on appeal. *State v. Abernathy*, 1 N.C. App. 625, 162 S.E. 2d 114 (1968); *State v. McKinnon*, 4 N.C. App. 299, 166 S.E. 2d 534 (1969).

No error.

Judges BRITT and GRAHAM concur.