IN THE MATTER OF: DIANE REGINA COLSON

No. 7218DC369

(Filed 24 May 1972)

**Infants § 10— juvenile delinquency petition — signature and verification**
    Copy of juvenile deliquency petition certified by the clerk of court shows that the original petition was signed and verified as required by law. G.S. 7A-281.

APPEAL by respondent from _Gentry, District Judge,_ 17 December 1971 Session of District Court held in GUILFORD County.

This juvenile proceeding was instituted against respondent, a 15-year-old child, by the filing of a verified petition in Greensboro District Court on 12 November 1971. The petition charges that respondent is a delinquent child as defined by G.S. 7A-278(2). In support of this charge the petition contains

---

In re Colson

---

specific allegations tending to show that on 10 November 1971 respondent committed larceny.

After a hearing, pursuant to G.S. 7A-277, *et seq.*, the court found, among other things, that on 10 November 1971 respondent went to a laundry owned by Mrs. Sherry Mercer and while there opened the cash register and removed $34.00 which respondent appropriated to her own use.

The court concluded that respondent's conduct constituted a violation of law, adjudged her a delinquent child in need of discipline and supervision by the State, and ordered her placed in the custody of the State Board of Youth Development.

*Attorney General Morgan by Assistant Attorney General Weathers for the State.*

*J. Dale Shepherd, Assistant Public Defender, Eighteenth Judicial District, for respondent appellant.*

GRAHAM, Judge.

Respondent made a motion in this Court in arrest of judgment on the grounds the petition was not signed nor verified as required by G.S. 7A-281.

The record which respondent's counsel filed in this Court fails to show that the petition on which respondent was tried was signed or verified. However, upon motion of the State, a copy of the original petition, duly certified by the clerk as a "true copy of the original on file in this office," was ordered reproduced as an addendum to the record. This copy plainly shows that the original petition was signed and verified as required by law.

We are afforded no explanation as to why the copy of the petition included in the original record did not show that it was executed or verified. The Assistant Public Defender who filed respondent's brief in this Court also appeared for respondent at the trial. The record shows that he tendered the original record on appeal to the solicitor. The solicitor accepted the record without filing exceptions or a countercase.

Inaccurate records continue to be a source of concern in this Court. Needless to say, we are particularly perplexed when appellant's counsel seeks relief on grounds appearing solely

because the record which he prepared is inaccurate or incomplete. *State v. Lindsey,* 14 N.C. App. 266, 188 S.E. 2d 7.

There are other assignments of error which we deem unnecessary to discuss. However, we have reviewed all assignments of error and the complete record. We find that respondent was afforded a fair trial free from prejudicial error.

No error.

Judges MORRIS and VAUGHN concur.