IN THE MATTER OF SONYA RENEE GREEN DOB 9-23-67

No. 8221DC1287

(Filed 3 April 1984)

**Parent and Child §§ 2.2, 2.3— petition alleging abused and neglected child—failure to sign petition—inoperative to invoke jurisdiction of court**
> The failure of the petitioner to sign and verify a petition, alleging that a minor child was an abused child as defined by G.S. 7A-517(1) and a neglected child as defined by G.S. 7A-517(21), before an official authorized to administer oaths rendered the petition fatally deficient and inoperative to invoke the jurisdiction of the court over the subject matter.

APPEAL by movants Mildred Joe and Malachi Joe from an order of *Alexander, Judge.* Order entered 7 July 1982 in District

Court, FORSYTH County. Heard in the Court of Appeals 26 October 1983.

This proceeding was commenced with the filing of a petition by Charles Martin, a Protective Service Worker with the Forsyth County Department of Social Services. It was alleged in the petition that Sonya Renee Green was an abused child as defined by G.S. 7A-517(1) and a neglected child as defined by G.S. 7A-517(21). The petition set forth facts in support of each allegation; however, the petition was neither signed nor verified.

At the time of the filing of the petition, the minor child was living with the movants. Mildred Joe is the biological mother of the minor child and Malachi Joe is her stepfather.

At the call of the case for hearing and prior to the introduction of any evidence, the Joes moved to have the petition dismissed on the grounds the petition, issued pursuant to G.S. 7A-544 and G.S. 7A-561(b), was not signed as required by those statutory provisions. The motion was denied.

Following a hearing on the petition pursuant to G.S. 7A-516, *et seq.*, the court made findings of fact and concluded as a matter of law that Sonya Renee Green is an abused juvenile as defined by G.S. 7A-517(1)(c) and a neglected juvenile as defined by G.S. 7A-517(21). The court then entered an order which directed that:

1. Legal custody of Sonya Renee Green is hereby placed with the Forsyth County Department of Social Services.

2. Physical custody of Sonya Renee Green is hereby placed with her mother, Mildred Joe, who is responsible for protecting the minor from any further acts of abuse or neglect.

3. The Forsyth County Department of Social Services is to make regular home visits to insure the safety and wellbeing of the minor child.

4. Malachi Joe and Mildred Joe are to actively participate in family counseling with Sonya Renee Green and they are to fully cooperate with the Forsyth County Department of Social Services and any other agency employed to help Sonya Renee Green.

From the order and rulings of the court, Mildred and Malachi Joe appealed.

*Kennedy, Kennedy, Kennedy and Kennedy, by Annie Brown Kennedy, Willie M. Kennedy and Harvey L. Kennedy, for appellants.*

*Bruce E. Colvin, for petitioner appellee.*

JOHNSON, Judge.

By their first assignment of error, appellants contend the trial court erred in the denial of their motion to dismiss on the ground that the petition was not signed. Appellants also contend that the trial court was without jurisdiction in that the petition was neither signed nor verified.

The appellee admits that the petition is neither signed nor verified, but insists that appellants suffered no harm by lack of the petitioner's signature on the petition and that the lack of a verification is immaterial. Further, that the issue of verification was waived by appellants by their failure to raise it before the trial judge. We disagree.

In the absence of a statutory requirement or rule of court to the contrary, it is ordinarily not necessary to the validity of a petition that it be signed or verified. *See State v. Higgins,* 266 N.C. 589, 146 S.E. 2d 681 (1966) (affidavit referred to in warrant charging defendant upon information and belief with assault is not defective because affiant did not subscribe the affidavit); *Alford v. McCormac,* 90 N.C. 151 (1884) (affidavit is valid despite lack of affiant's subscription if the oath was administered by one authorized to administer oaths).

On the other hand, where it is required by statute that the petition be signed and verified, these essential requisites must be complied with before the petition can be used for legal purposes. *See Alford v. McCormac, supra.* Without compliance, the petition is rendered incomplete and nonoperative. *See In re Colson,* 14 N.C. App. 643, 188 S.E. 2d 682 (1972) (juvenile delinquency petition must be signed and verified as "required by law").

The petition in this case was instituted under Juvenile Code provisions which state in clear and concise terms that the petition

shall be signed and verified before an official authorized to administer oaths. G.S. 7A-544 provides in pertinent part that when a *report of abuse or neglect is received*, the Director of the Department of Social Services *shall* sign a complaint seeking to invoke the jurisdiction of the court. G.S. 7A-561(b) also provides in pertinent part that the complaint should be filed as a petition and the petition *shall be* verified before an official authorized to administer oaths.

The Juvenile Code requisites that the petition be signed and verified are therefore essential to both the validity of the petition and to establishing the jurisdiction of the court. The primary purpose to be served by signature and verification on the part of the petitioner is to obtain the written and sworn statement of the facts alleged in such official and authoritative form as that it may be used for any lawful purpose, either in or out of a court of law. *See Alford v. McCormac, supra* at 153. Under the Juvenile Code, these requirements also serve to invoke the jurisdiction of the court.

In the case *sub judice*, the failure of the petitioner to sign and verify the petition before an official authorized to administer oaths rendered the petition fatally deficient and inoperative to invoke the jurisdiction of the court over the subject matter. It is elementary that the jurisdiction of the court over the subject matter of the action is the most critical aspect of the court's authority to act. *See* Shuford, N.C. Civ. Prac. & Proc. (2nd Ed.), § 12-6. Without it the court lacks any power to proceed; therefore, a defense based upon this lack cannot be waived and may be asserted at any time. *Id.* Accordingly, the appellants may raise the issue of jurisdiction over the matter for the first time on appeal although they initially failed to raise the issue before the trial court. *See Real Estate Trust v. Debnam*, 299 N.C. 510, 263 S.E. 2d 595 (1980); *Bache Halsey Stuart, Inc. v. Hunsucker*, 38 N.C. App. 414, 248 S.E. 2d 567 (1978) (an appellate court may raise the question on its own motion).

We conclude that the trial court lacked jurisdiction over the subject matter because the petition was not duly signed and verified as required by law. G.S. 7A-544; G.S. 7A-561(b). Therefore, the order of the trial court must be vacated and the case dismissed.

We deem it unnecessary to discuss appellants' other assign-
ments of error in view of our decision on the question of jurisdic-
tion.[1]

Vacate and dismiss.

Chief Judge VAUGHN and Judge WELLS concur.

———————————

1. Although we vacate and dismiss the order entered on other grounds, one
particularly troubling feature of the order warrants mention. Eleven out of the
twelve "Findings of Fact" begin by stating that the witness "testified under oath
. . .", and continue to merely restate the content of that testimony. Such verbatim
recitations of the testimony of each witness *do not* constitute *findings of fact* by the
trial judge, because they do not reflect a conscious choice between the conflicting
versions of the incident in question which emerged from all the evidence presented.
Where, as here, the trial judge sits without a jury, the judge is required to find the
facts specially and state separately his conclusions of law thereon and direct entry
of the appropriate judgment. G.S. 1A-1, Rule 52(a). "The requirement for ap-
propriately detailed findings is . . . not a mere formality or a rule of empty ritual;
it is designed instead 'to dispose of the issues raised by the pleadings and to allow
the appellate courts to perform their proper function in the judicial system.'" *Coble
v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). The purported "findings" in the order
under discussion do not even come close to resolving the disputed factual conten-
tions of the parties, and, under ordinary circumstances would require this Court to
remand the matter to the District Court for the entry of appropriately considered
and detailed factual findings.