KAVANAU REAL ESTATE TRUST, PLAINTIFF APPELLEE, AND THE BANK OF NEW YORK, ASSIGNEE OF PLAINTIFF v. LEE A. DEBNAM, A GENERAL PARTNER OF YORKTOWNE VILLAGE, LTD., AND ALGIE STEPHENS, A GENERAL PARTNER OF YORKTOWNE VILLAGE, LTD., TRADING AND DOING BUSINESS AS YORKTOWNE VILLAGE, LTD., A GENERAL PARTNERSHIP, DEFENDANTS APPELLANTS

No. 89

(Filed 5 March 1980)

**1. Mortgages and Deeds of Trust § 32.1— mortgage on leasehold interest—action on underlying obligation not prohibited**

Because a lease, which is a chattel real, is to be considered personal property for purposes of G.S. 45-21.38, the anti-deficiency statute, the statute does not bar an *in personam* suit and judgment on a purchase money note securing an assignment of a leasehold interest, since the protection provided by the statute applies only to transactions involving the sale of real property.

**2. Rules of Civil Procedure § 56.1— summary judgment before responsive pleading—summary judgment not premature**

The Court of Appeals properly held that G.S. 1A-1, Rule 56(a) allowed summary judgment to be entered for plaintiff before defendants had filed a responsive pleading, since plaintiff could move for summary judgment at any time after the expiration of 30 days from the commencement of the action and since defendants could not rely on their responsive pleading upon plaintiff's showing that it was entitled to summary judgment, but defendants could have come forward with affidavits even though they had filed no answer.

**3. Mortgages and Deeds of Trust § 32.1; Judgments § 54— subject matter jurisdiction—anti-deficiency statute—judgment not satisfied**

There was no merit to defendants' contention that the trial court was without subject matter jurisdiction because the anti-deficiency statute barred an *in personam* suit on a purchase money note and because plaintiff had obtained a judgment on this claim in bankruptcy court, since the anti-deficiency statute applies only to transactions involving real property and therefore was not applicable to this claim, and since a party may pursue and obtain more than one judgment though he may have only one satisfaction.

**4. Rules of Civil Procedure §§ 60.1, 60.2— relief from judgment—motion not timely—grounds**

Defendants were not entitled to relief from judgment pursuant to G.S. 1A-1, Rule 60(b)(1) and (3), since judgment was filed as a matter of record on 18 April 1978, and defendants' motion for relief filed on 15 June 1979 was not timely; nor were defendants entitled to relief under Rule 60(b)(4) since there was no lack of subject matter jurisdiction, or under Rule 60(b)(5) since there was no evidence that plaintiff's judgment in bankruptcy court had been satisfied.

ON defendants' petition for discretionary review pursuant to G.S. 7A-31 from the opinion of the Court of Appeals, 41 N.C. App. 256, 254 S.E. 2d 638 (1979) (opinion by *Chief Judge Morris* with *Clark* and *Arnold, JJ.* concurring), which affirmed the order of *McKinnon, J.* in which he entered summary judgment in favor of the plaintiff. This case was docketed and argued at the Fall Term 1979, as No. 86.

Plaintiff brought this action to recover the principal and the legal rate of interest on the principal dating from 1 June 1977, allegedly due on a promissory note secured by a deed of trust encumbering a leasehold interest assigned by plaintiff to the defendants.

The owner of the property which contains an apartment complex known as Yorktowne Apartments is Ward Realty Company. First mortgagee is the State of Wisconsin Investment Board by assignment from Cameron Brown Company. The property was leased to Consolidated Properties, Inc. Consolidated assigned its interest to plaintiff. Plaintiff assigned the lease to the defendants in this action, Yorktowne Village Ltd. (a general partnership composed of general partners, Lee A. Debnam and Algie Stephens, also defendants in this action). In exchange for the assignment of the lease, the defendants executed in favor of the plaintiff a promissory note in the face amount of $100,000 secured by a deed of trust on the defendants' leasehold interest. The defendants assigned the lease to Yorktowne Apartments, Inc. which later assigned the lease to O.C.G. — Yorkwoods, Ltd. which later assigned the lease to Tudor Associates Ltd., II.

At all times relevant to this action, Tudor has been involved in a Chapter XII bankruptcy proceeding. On 28 September 1978, the Bankruptcy Court for the Eastern District of North Carolina entered its Order Confirming Plan which ordered payment in full to the plaintiff of the debt which is the subject matter of its claim in this action because Tudor took its assignment of the lease, as did the other assignees, subject to defendants' debt to the plaintiff. However, there is nothing to indicate that plaintiff has in fact been paid in satisfaction of this order of the bankruptcy court.

Plaintiff filed its Complaint on 9 November 1977. An order allowing defendants an extension of time within which to file their Answer was entered on 22 November 1977. On 9 January

1978, within the period of this extension of time, defendants filed a Rule 12(b)(6) Motion to Dismiss in lieu of filing an Answer. On 1 February 1978, plaintiff moved for Summary Judgment. Defendants filed a Third Party Complaint on 24 February 1978 and on 3 March 1978 they filed Motions for Election of Remedies, Continuance, and Abatement. On 6 March 1978, the trial judge entered an Order granting Summary Judgment in favor of the plaintiff. A corrected Order of Summary Judgment in favor of the plaintiff was entered by the trial judge on 18 April 1978. The defendants never filed an Answer in this action. Plaintiff has assigned its judgment to the Bank of New York.

We allowed discretionary review on 31 July 1979.

*Sanford, Adams, McCullough & Beard by J. Allen Adams, E. D. Gaskins, Jr. and Catharine B. Arrowood for defendant-appellant Algie Stephens.*

*Seay, Rouse, Johnson, Harvey & Bolton by James L. Seay and Ronald H. Garber for defendant-appellant Lee Debnam.*

*Newsom, Graham, Hedrick, Murray, Bryson & Kennon by Josiah S. Murray III for plaintiff-appellees.*

COPELAND, Justice.

Four issues have been presented for our consideration.

[1] First, defendants complain that the Court of Appeals erred in holding that G.S. 45-21.38 (the anti-deficiency statute) does not bar an *in personam* suit and judgment on a purchase money note securing an assignment of a leasehold interest. The Court of Appeals so held because the anti-deficiency statute bars a suit for a deficiency judgment after foreclosure and bars suit on the note in lieu of foreclosure, *Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979), in *"sales of real property . . .* to secure to the seller the payment of the balance of the *purchase price of real property."* G.S. 45-21.38. [Emphasis added.]

We held in *Ross Realty* that although the statute is not artfully drawn, the manifest intention of the legislature in enacting the anti-deficiency statute was to leave foreclosure as the only remedy in purchase money situations. However, we cannot ignore

the plain and unambiguous limitation of the statute which makes it applicable only in cases involving sales of *real property*.

The question then becomes whether a lease which is a chattel real is to be considered real property or personal property for purposes of the anti-deficiency statute. The Court of Appeals correctly analyzed the precedent on this question and in a thorough and well reasoned discussion correctly held that a lease is a species of personal property and is therefore outside the scope of the anti-deficiency statute. We have carefully reviewed the Court of Appeals' opinion by Chief Judge Morris, and the briefs and authorities on this question. The reasoning and principles enunciated by it are correct and we affirm its holding on this issue.

[2]   Second, defendants complain that the Court of Appeals erred in holding that G.S. 1A-1, Rule 56(a) allows summary judgment to be entered for plaintiff before defendants have filed a responsive pleading. We have carefully reviewed the briefs, authorities and the Court of Appeals' opinion on this issue and find its reasoning and legal principle to be correct and well stated in all respects.

G.S. 1A-1, Rule 56(a) provides that a party may move for summary judgment "at any time after the expiration of 30 days *from the commencement of the action*." [Emphasis added.] As the Court of Appeals held, even if defendants had filed their answer, they cannot rest on that responsive pleading when the party moving for summary judgment has *prima facie* established that he is entitled to it. The party opposing the motion must come forward with additional evidence in opposition to the motion. Defendants could have come forward with this evidence, *e.g.*, in the form of affidavits, even though they had filed no answer. Summary judgment was correctly entered for the plaintiff and we affirm the Court of Appeals on this issue.

[3]   Third, defendants have raised the issue of subject matter jurisdiction. This issue was not raised at the trial level or in the Court of Appeals. Of course, it may be raised for the first time on appeal to this Court. G.S. 1A-1, Rule 12(h); *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617 (1956). The contention is that the trial court was without subject matter jurisdiction because the anti-deficiency statute bars an *in personam* suit on a purchase money note and because plaintiff has obtained a judg-

ment on this same claim in bankruptcy court against Tudor, the bankrupt lessee-assignee who took subject to plaintiff's mortgage on the leasehold interest.

The answer to the first half of defendants' contention is that we have already held above that the anti-deficiency statute does *not* bar this suit. With respect to the second half of the contention, the law is that a party may pursue and obtain more than one judgment but he may have only one satisfaction. *Bowen v. Iowa National Mutual Insurance Co.*, 270 N.C. 486, 155 S.E. 2d 238 (1967).

**[4]** Fourth, defendants have made a motion in this Court for relief from the judgment pursuant to G.S. 1A-1, Rule 60(b) under subsections (1) due to mistake, (3) on grounds of fraud (4) judgment is void, (5) judgment has been satisfied, and (6) any other reason justifying relief. We have held that decisions on these motions rest within the sound discretion of the trial judges, *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975); *Burwell v. Wilkerson*, 30 N.C. App. 110, 226 S.E. 2d 220 (1976). However, without ruling on the propriety of making this motion for the first time on appeal to this Court since this question was neither briefed nor argued, we simply note that the rule imposes a time limit of one year after entry of the judgment or order within which to make the motion under subsections (1) and (3). Judgment was filed as a matter of record in this case on 18 April 1978. Defendants sought relief from this judgment in this Court on 15 June 1979. Relief was not timely sought under these two subsections.

The defendants are not entitled to relief from judgment under subsection (4) on the ground that the judgment is void because of a lack of subject matter jurisdiction because we have held above that there was no lack of subject matter jurisdiction. Defendants are not entitled to relief under subsection (5) on the ground that the judgment has been satisfied because the record reveals that plaintiff has obtained a judgment in bankruptcy court but there is no evidence in the record that it has been satisfied.

We decline to grant defendants relief from the judgment pursuant to subsection (6) or to decide whether we have the authority to do so because we believe that this case was handled ably and correctly in the trial court. Defendants are not the victims of

an inequitable judgment. Plaintiff has pursued a legally valid claim to judgment and that judgment shall stand.

Affirmed.