PMB, INCORPORATED, a North Carolina Corporation v. MICHAEL B. ROSENFELD, J. NAT HAMRICK Trustee, and J. NAT HAMRICK, Individually

No. 8029SC187

(Filed 16 September 1980)

**Mortgages and Deeds of Trust § 25– foreclosure hearing – notice to debtor**

The clerk of court erred in permitting a foreclosure sale of property pursuant to a deed of trust where the debtor was not given notice of the foreclosure hearing in a manner prescribed by G.S. 45-21.16(a), a letter to and telephone conversation with the debtor being insufficient and the debtor's actual knowledge of the hearing being irrelevant.

APPEAL by defendants from *Lewis, Judge*. Judgment filed 2 October 1979 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals at Waynesville on 28 August 1980.

Defendant Rosenfeld, hereinafter mortgagee, filed a Notice of Hearing on Foreclosure on 22 December 1977, properly notifying plaintiff PMB, hereinafter mortgagor, of a hearing on foreclosure of a note and deed of trust mortgagor had executed in favor of mortgagee. The notice stated that "[d]efault ... is based upon the failure of PMB [mortgagor] ... to make the payments as provided in said Note."

A hearing was held in January 1978, but adjourned for the reason that the clerk of court felt the matter would be "amicable [sic] disposed of." The matters were not settled, and on 16 August 1978 another hearing was held at which mortgagor did not appear. On 9 October 1978, the clerk permitted mortgagee to advertise the property for sale based on mortgagor's failure to carry fire insurance on the property as required by the deed of trust.

Notice of the sale was given, and the sale was completed on 13 November 1978. Mortgagor appealed to the superior court, and on 14 September 1979 that court granted partial summary judgment in favor of mortgagor. Delivery of the deed to the trustee was enjoined, and the register of deeds was ordered not to record any deed of conveyance to mortgagee Rosenfeld.

*West, Groome & Correll, by Ted G. West, for plaintiff appellee.*

*Hamrick & Hamrick, by J. Nat Hamrick, for defendant appellant.*

HILL, Judge.

The superior court acted correctly in granting partial summary judgment in favor of mortgagor. No proper notice of the 16 August 1978 hearing at which the deed of trust was foreclosed was given to mortgagor. The requirements of G.S. 45-21.16 were not met.

G.S. 45-21.16(a) requires that notice of the hearing "shall be served in any manner provided by the Rules of Civil Procedure for the service of summons, or may be served by actual delivery by registered or certified mail, return receipt requested ... ." Mortgagee asserts that he sent a letter to mortgagor's attorney giving notice of the hearing and that by other means mortgagor had actual knowledge of the sale, but chose not to appear.

Mortgagor's actual knowledge is irrelevant in this case. G.S. 45-21.16 is clear in its requirement that notice shall be served in such a manner that there will be unbiased and reliable extrinsic evidence of the fact notice was served. Mortgagee's purported letter to and telephone conversation with mortgagor fall short of the statutory requirements. The type of "notice" that mortgagee sought to give mortgagor can only give rise to the type of unprofessional haggling between attorneys exemplified by this case, and must have been an evil the General Assembly meant to eliminate by the passage of G.S. 45-21.16.

Mortgagee also argues that the superior court erred when it made findings of fact. Summary judgment is improper if findings of fact are *necessary* to resolve an issue as to a material fact. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975). "However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment." (Citations omitted.) *Mosley v. Finance Co.*, 36 N.C. App. 109, 111,

243 S.E. 2d 145, *disc. rev. denied* 295 N.C. 467 (1978). We find no error in the superior court's summation of the undisputed facts which support its judgment.

For the reasons stated above, the action of the superior court in granting partial summary judgment in favor of mortgagor is

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.