JUDITH L. ABERNETHY v. C. FRED ABERNETHY

No. 8215DC1147

(Filed 4 October 1983)

**Contempt of Court § 6.2; Divorce and Alimony § 21.5— failure to make alimony and child support payments—contempt of court—present ability to pay**

> Where defendant was ordered jailed for contempt for failure to make alimony and child support arrearage and current payments as ordered by the court but was permitted to purge himself of contempt by paying arrearages and plaintiff's legal fees, the issue of defendant's present ability to pay the sum ordered was fully adjudicated in the original contempt hearing, and defendant failed to appeal the contempt order, the court's findings as to defendant's ability to pay were *res judicata* on that issue in a subsequent hearing at which plaintiff demonstrated that defendant failed to make the payments necessary to purge himself of contempt and the court ordered that the commitment for contempt be activated.

APPEAL by defendant from *Paschal, Judge.* Order entered 8 June 1982 in ORANGE County District Court. Heard in the Court of Appeals 22 September 1983.

Defendant has appealed from the order activating commitment which provided that he spend thirty days in jail for civil contempt of court. The contempt proceedings arose from defendant's failure to pay alimony and child support as the court had previously ordered.

The parties executed a separation agreement on 15 October 1980. On 5 November 1980 plaintiff instituted an action to enforce the separation agreement. In February and August of 1981 the court ordered defendant to pay arrearages and comply with his agreement to support plaintiff and her children. Defendant consented to the February, 1981, order and did not appeal either order. On 14 December 1981 judgment was entered for plaintiff in her uncontested action for absolute divorce, and the divorce action was consolidated with the action for enforcement of the separation agreement. On 2 February 1982 plaintiff filed a motion in the cause asking that defendant be found in willful contempt of the prior court orders. After a hearing, the court made findings of fact, conclusions of law, and ordered defendant confined to jail for thirty days for contempt. However, the order provided that defendant could purge himself of contempt by paying arrearages

and plaintiff's legal fees in installments to be completed by 9 June 1982. Defendant did not appeal from this order, which was entered 11 March 1982. On 7 June 1982 another hearing was held at which plaintiff demonstrated that defendant failed to make the payments necessary to purge himself of contempt. From the 8 June 1982 order activating commitment, defendant appealed.

*Powe, Porter & Alphin, P.A., by N.A. Ciompi and William E. Freeman, for plaintiff.*

*Spears, Barnes, Baker & Hoof, by John C. Wainio, for defendant.*

WELLS, Judge.

Defendant contends the trial court erred in ordering him jailed for contempt when there was no evidence and no finding at the 7 June 1982 hearing that he had a present ability to comply with the previous orders. The civil contempt statute, G.S. 5A-21, does require that "[t]he person to whom the order is directed [be] able to comply with the order or [be] able to take reasonable measures that would enable him to comply with the order." Our Supreme Court has insisted that the trial court must find "that the defendant presently possesses *the means* to comply." (Emphasis in original.) *Henderson v. Henderson,* 307 N.C. 401, 298 S.E. 2d 345 (1983); *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1966). *See also Teachey v. Teachey,* 46 N.C. App. 332, 264 S.E. 2d 786 (1980).

In the order of 11 March 1982, the trial court made the following finding of fact:

15. Since August of 1981 through the present time, the Defendant had access to monies in excess of $17,000 and has had monies paid to him or has had access to money which would have given him ample opportunity to comply with the Orders of this Court, but the Defendant chose not to comply with the Orders of this Court.

The trial court also made findings on the specific types of income and expenses the defendant had. Thus, the 11 March 1982 order clearly contained a finding as to defendant's then present ability to pay.

The issue of defendant's present ability to pay the sum ordered was fully litigated in the hearing which culminated in the trial court's order of 11 March 1982. Defendant not having appealed from that judgment, the findings as to his ability to pay, as set forth in that order, are *res judicata* on that issue and defendant was estopped from having that issue retried at the 8 June 1982 hearing. At that hearing, the only issue properly before the court was whether defendant had complied with the court's earlier order. *See Real Estate Trust v. Debnam*, 299 N.C. 510, 263 S.E. 2d 595 (1980); *Bowen v. Iowa National Mutual Insurance Co.*, 270 N.C. 486, 155 S.E. 2d 238 (1967).

For the reasons stated, the order of the trial court is

Affirmed.

Judges ARNOLD and EAGLES concur.