IN RE: WILLIAM NICHOLAS FORTESCUE, JR., UNMARRIED, GRANTOR AND RECORD
OWNER; FORECLOSURE OF DEED OF TRUST RECORDED IN DEED OF TRUST BOOK 332
AT PAGE 682 OF THE HENDERSON COUNTY REGISTRY

No. 8529SC551

(Filed 15 April 1986)

1. **Mortgages and Deeds of Trust § 26— notice of foreclosure—assignment by holder between notice and hearing**

    There was no merit to respondent's contention that he was not given proper notice of foreclosure where the notice of hearing on foreclosure issued 18 January 1984 and received by respondent 23 January 1984 named a certain person as the original and present holder of the note and deed of trust; on 9 February 1984, before the hearing on foreclosure, the holder assigned the note and deed of trust to another person who then proceeded with foreclosure; on 23 February 1984 a foreclosure hearing was held before the clerk of the court; N.C.G.S. § 45-21.16 which provides for notice of foreclosure does not prohibit an assignment or negotiation of the debt instrument during the interval between the date notice is issued and the time of the hearing and it is silent as to whether additional notification is necessary when an assignment takes place; and respondent had nine months between the hearing before the clerk of superior court and the de novo hearing before the trial court to make attempts to resolve the matter of his outstanding debt.

2. **Mortgages and Deeds of Trust § 25— right to foreclose—sufficiency of documentary evidence**

    There was sufficient evidence to establish a note holder's right to foreclose where all of the findings of fact necessary to satisfy the four statutory requirements for foreclosure were established by the documents before the court. N.C.G.S. § 45-21.16(d).

APPEAL by respondent from *John B. Lewis, Jr., Judge*. Order entered 13 December 1984 in Superior Court, HENDERSON County. Heard in the Court of Appeals 19 November 1985.

*Stepp, Groce & Cosgrove, by Timothy R. Cosgrove, for petitioner appellee.*

*William N. Fortescue, Jr., pro se, as respondent appellant.*

BECTON, Judge.

Respondent, William N. Fortescue, Jr., appeals from an order allowing foreclosure on real property he owns in Henderson County, North Carolina.

I

On 5 October 1979, Fortescue executed a promissory note in the amount of $30,000 in favor of A. S. Browning, Jr., and executed a deed of trust to James H. Toms, as trustee for Browning, to secure the debt. Subsequently, $20,000 of the original note was repaid to Browning, and the note was modified on 2 February 1983 so that the remainder was due and payable on or before 2 August 1983.

The debt was not repaid by 2 August 1983, and, in late December 1983, Browning mailed notice to Fortescue that Browning would seek attorney's fees in addition to interest and principal if he were not paid within five days. On 16 January 1984, R. Charles Waters was substituted as trustee for James H. Toms under the deed of trust and was given the authority to foreclose on the property upon default. On 18 January 1984, Waters filed a motion for a hearing on foreclosure under the deed of trust. A Notice of Hearing on Foreclosure was issued to Fortescue both individually and as president of Flat Rock Company, and to A. Louis Skolnik and Lillian Skolnik, junior lienholders on the property. The notice provided that the hearing before the clerk of the superior court would be held on 14 February 1984, and stated, "The name of the original and present holder of the above-described deed of trust and the debt secured thereby is A. S. Browning, Jr. . . ." This notice was received by Fortescue on 23 January 1984.

Subsequently, Fortescue conferred with A. Louis Skolnik who assured Fortescue that Skolnik would help to cover the debt by paying Browning and assuming the note. Apparently, Fortescue was later reassured by A. Louis Skolnik by telephone that the note would be purchased from Browning.

On 9 February 1984, Browning negotiated the note and deed of trust to Lillian Skolnik by written assignment, duly recorded on 13 February 1984, and Lillian Skolnik elected to accelerate the defaulted note and to foreclose on the deed of trust. The hearing

before the clerk was held in February, and foreclosure was allowed. Fortescue appealed to the superior court.

On 30 November 1984, the trial court reviewed the documents involved and heard the arguments of counsel. The trial court made findings of fact and drew the following conclusions of law, among others:

> That no valid reason has been presented as to why the Substitute Trustee should not foreclose the aforementioned Deed of Trust under the power of sale contained therein and the Substitute Trustee has the right to foreclose under the terms and provisions thereof.

> That William Nicholas Fortescue, Jr., individually, William Nicholas Fortescue, Jr., President of Flat Rock Company, A. Louis Skolnik and Lillian Skolnik had been given adequate and timely notice of this hearing, as they are entitled under Subsection B of North Carolina General Statutes Chapter 45-21.16, and that notice in all respects was reasonably calculated to inform each of said parties of said hearing and of the imminent foreclosure.

Fortescue contends that the trial court committed two reversible errors: (1) in concluding there was sufficient evidence to establish the note holder's right to foreclose and (2) in concluding that Fortescue received adequate notice of the foreclosure hearing as required by N.C. Gen. Stat. Sec. 45-21.16 (1984). We hold that the trial court did not err, and we affirm.

II

[1] Fortescue argues that he was not given proper notice of foreclosure. The Notice of Hearing on Foreclosure issued 18 January 1984 and received by Fortescue 23 January 1984 named A. S. Browning, Jr., as the original and present holder of the note and deed of trust. On 9 February 1984, before the hearing on foreclosure, A. S. Browning assigned the note and deed of trust to Lillian Skolnik who then proceeded with the foreclosure. On 23 February 1984, a foreclosure hearing was held before the clerk of the court. Fortescue relies on G.S. Sec. 45-21.16 which provides in part:

(c) Notice shall be in writing and shall state in a manner reasonably calculated to make the party entitled to notice aware of the following:

\*     \*     \*

(2) The name and address of the holder of the security instrument, and if different from the original holder, his name and address.

He argues that he was entitled to notice stating the name and address of the holder as of the date of the hearing before the clerk of the superior court. Fortescue believed that A. Louis Skolnik, not Lillian Skolnik, was the holder of the note and deed of trust because Fortescue and A. Louis Skolnik had agreed that A. Louis Skolnik would purchase the debt from Browning. Thus, Fortescue asserts, he "relaxed his efforts to meet this debt," and "last minute attempts to negotiate a resolution" were "quite possibly frustrated" by the improper notice that Lillian Skolnik was the holder rather than A. Louis Skolnik.

Fortescue cites *PMB, Inc. v. Rosenfeld*, 48 N.C. App. 736, 269 S.E. 2d 748 (1980), *disc. rev. denied*, 301 N.C. 722, 274 S.E. 2d 231 (1981) for the proposition that any deviation from the requirements of G.S. Sec. 45-21.16 invalidates a foreclosure action and that actual notice is irrelevant. But *PMB, Inc.* is distinguishable. In *PMB, Inc.* written notice was never sent to the mortgagor. The mortgagee had sent a letter, not registered or certified, only to the mortgagor's attorney and had conversed by telephone with the mortgagor. This Court said G.S. Sec. 45-21.16 was clear in its requirement that notice be served in order to assure "unbiased and reliable extrinsic evidence of the fact notice was served." 48 N.C. App. at 737, 269 S.E. 2d at 749.

In the case at bar, even a formalistic reading of the statute reveals that notice was technically proper. At the time notice was issued, the original holder, who was also the then-present holder, was A. S. Browning. The statute does not prohibit an assignment or negotiation of the debt instrument during the interval between the date notice is issued and the time of the hearing, and it is silent as to whether additional notification is necessary when an assignment takes place.

Taking a less formalistic and more policy-oriented view of the statute, we conclude that the purpose of the notice provision was fully satisfied in the case at bar. The latest we can say Fortescue must have known the identity of the holder of the note and deed of trust was 23 February 1984, the date of the hearing before the clerk of the superior court. The *de novo* hearing before the trial court was held on or about 30 November 1984. Fortescue had ample time before foreclosure for "last minute attempts" finally to resolve with Lillian Skolnik the matter of his outstanding debt. *See Lovell v. Rowan Mutual Fire Insurance Co.*, 46 N.C. App. 150, 264 S.E. 2d 743 (1980), *rev'd on other grounds*, 302 N.C. 150, 274 S.E. 2d 170 (1981).

Although we agree that G.S. Sec. 45-21.16 is intended to assure complete and accurate notice of the current holder of a security instrument, we cannot say R. Charles Waters, substitute trustee, failed to comply with the technical provisions of the statute. And Fortescue, with over nine months actual notice before the trial court's *de novo* hearing, was not prejudiced.

### III

[2] the only issue raised in the trial court was whether notice was proper. Skolnik argues that Fortescue cannot raise issues in this Court that he failed to raise in the trial court. We agree, but we address, in our discretion, Fortescue's contention that the trial court erred in finding default based only on the arguments of counsel and the documents presented in evidence.

Fortescue correctly points out that the trial court must find (1) a valid debt of which the foreclosing party is the holder, (2) default, (3) a right to foreclose under the instrument, and (4) proper notice. *See* G.S. Sec. 45-21.16(d). The trial court found facts in accordance with those described in Part I, *supra*. Fortescue argues that the trial court failed to consider sufficient evidence to make these findings. We disagree. All of the findings of fact necessary to satisfy the four statutory requirements were established by the documents before the court: the promissory note, the deed of trust, the modification agreement, the written assignment of the deed of trust, the written notice of default and foreclosure, the written substitution of trustee, the motion for hearing, and the special proceedings summons. Most of these documents were recorded in the Henderson County Registry. From

this evidence, unchallenged by Fortescue, the court found that Lillian Skolnik, the party seeking foreclosure, was the holder of a valid debt instrument; that Fortescue had defaulted on the instrument; that the instrument authorized foreclosure; and that proper notice had been received. We believe there was ample evidence to support these findings of fact. *See In re Foreclosure of Burgess*, 47 N.C. App. 599, 267 S.E. 2d 915, *appeal dismissed*, 301 N.C. 90 (1980).

For the reasons set forth above, we

Affirm.

Judges WEBB and COZORT concur.