THE FEDERAL LAND BANK OF COLUMBIA, A Corporation v. MICHAEL
B. LACKEY and wife, DEBRA C. LACKEY, and EARL DAVID GREER
and wife, BETTY GREER

No. 8825SC933

(Filed 5 July 1989)

**Mortgages and Deeds of Trust § 26.1— notice of foreclosure sale—
attempt at personal service required**

    Defendant was not properly served with notice of a fore-
closure hearing pursuant to N.C.G.S. § 45-21.16 and for that
reason was not liable for any deficiency arising from the
foreclosure sale where the trustee admitted in his deposition
that he made no effort to serve defendant personally even
though he had an address for defendant in his files; at the
time of the foreclosure hearing, the trustee knew defendant
had been served by posting only; the trustee did not attempt
to mail the notice to defendant; and N.C.G.S. § 45-21.16 allows
service upon a party by posting the notice only in those in-
stances where the party's name and address are not reasonably
ascertainable.

APPEAL by defendant Michael B. Lackey from *Lamm, Judge.*
Judgment entered 28 March 1988 in Superior Court, CALDWELL
County. Heard in the Court of Appeals 10 April 1989.

On 24 March 1983 defendants Michael B. Lackey (Lackey) and
Debra C. Lackey, then husband and wife, negotiated a deed of
trust with plaintiff covering approximately 90.5 acres of real prop-
erty to secure a loan of $44,000 and any further future advances
not to exceed a total amount of $100,000. On 13 May 1983 defend-
ants Earl David Greer and Betty Greer assumed the Lackeys'
loan. However, both Mr. and Mrs. Lackey were not released and
remained personally liable for the debt.

Defendants Greer defaulted on the loan. Upon default the trustee
filed a foreclosure action. Each of the defendants was personally
served with the notice of the foreclosure hearing except Lackey.
A deputy sheriff purported to serve Lackey by posting a copy
of the notice on the property. The trustee sold the property on
22 April 1986 and the sale was confirmed on 9 May 1986. Plaintiff
brought this action seeking a deficiency judgment against defend-
ants following the foreclosure.

Lackey answered and claimed that he had not been properly served with the notice of the foreclosure hearing and therefore was not liable for any deficiency. From the trial court's order granting plaintiff's motion for summary judgment, defendant Lackey appeals.

*Faison & Brown, by Mark C. Kirby, John F. Logan, and Aida Fayar Doss, for plaintiff-appellee.*

*Wilson and Palmer, by W. C. Palmer and David S. Lackey, for defendant-appellant.*

EAGLES, Judge.

The issue presented is whether the trial court erred in granting summary judgment in favor of plaintiff in this deficiency judgment action. Defendant argues that he was not properly served with notice of the foreclosure hearing pursuant to G.S. 45-21.16 and for that reason is not liable for any deficiency arising from the foreclosure sale. We agree and reverse. Summary judgment is properly granted when there is no genuine issue of material fact and one of the parties is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In appropriate cases summary judgment may be granted in favor of the non-movant. G.S. 1A-1, Rule 56(c); *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979). Lackey argues that whether the deputy's efforts in personally serving him with the notice of foreclosure hearing were reasonable and diligent constitutes a material issue of fact. He also contends that plaintiff is not entitled to judgment as a matter of law.

G.S. 45-21.16(b)(2) mandates that notice of a foreclosure hearing must be given to "[a]ny person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor." Though defendants Greer assumed the Lackeys' loan, defendant Michael Lackey remained personally liable for the debt. Accordingly, he was entitled to notice of any foreclosure hearing. The statute further provides that if Lackey failed to receive notice of the foreclosure hearing he "shall not be liable for any deficiency remaining after the sale." G.S. 45-21.16(b)(2).

G.S. 45-21.16(a) mandates the manner and method for serving notice of the foreclosure hearing. In part it provides

FEDERAL LAND BANK v. LACKEY

[94 N.C. App. 553 (1989)]

[t]he notice shall be served in any manner provided by the Rules of Civil Procedure for the service of summons, or may be served by actual delivery by registered or certified mail, return receipt requested; provided, that in those instances in which service by publication would be authorized, service may be made by posting a notice in a conspicuous place and manner upon the property for a period of not less than 20 days before the date of the hearing; provided further, if service upon a party cannot be effected after a reasonable and diligent effort in a manner authorized above, notice to such party may be given by posting a notice in a conspicuous place and manner upon the property for a period of not less than 20 days before the date of the hearing, which 20-day period may run concurrently with any other effort to effect service.

Plaintiff argues that the deputy sheriff made a reasonable and diligent effort to personally serve Lackey, was unable to locate him within Caldwell County, and properly posted the notice on the property. The deputy's affidavit stated that his efforts included "attempting to reach the party by telephone, to locate the work site of the [party], to locate a place of residence." Plaintiff argues further that since the deputy sheriff diligently attempted to personally serve Lackey with the notice and was unsuccessful, posting the notice on the property complies with the statute.

In his deposition the trustee admitted that he made no effort to personally serve Lackey even though he had an address for Lackey in his files. At the time of the foreclosure hearing the trustee knew Lackey had been served by posting only. Additionally, the trustee did not attempt to mail the notice to Lackey.

Lackey argues that G.S. 45-21.16 allows posting notice on the property only when service by publication would be permitted under Rule 4 of the North Carolina Rules of Civil Procedure. In addition, Lackey contends that posting of the notice was guaranteed not to give him actual notice of the hearing and violated the due process requirements of the Fourteenth Amendment.

Initially, we note that the General Assembly passed G.S. 45-21.16 in response to Turner v. Blackburn, 389 F. Supp. 1250 (W.D.N.C. 1975). Turner held that the foreclosure procedures then in force did not comply with the minimum due process requirements of the Fourteenth Amendment and were unconstitutional. The foreclosure statutes in effect then required notice be given to per-

sons with an interest in the property only by posting at the courthouse door and by newspaper publication; no personal notice or foreclosure hearing was required. G.S. 45-21.16 was enacted to meet the minimum due process requirements of personal notice and a hearing. *In re Foreclosure of Sutton Investments*, 46 N.C. App. 654, 266 S.E. 2d 686, *disc. rev. denied*, 301 N.C. 90 (1980).

In *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 77 L.Ed. 2d 180, 103 S.Ct. 2706 (1983), the Supreme Court addressed the issue of whether notice by publication and posting provided a mortgagee with sufficient notice to apprise it of the impending sale of the mortgaged property. There Adams brought suit to quiet title to property he purchased at a tax sale. The Mennonite Board of Missions held a mortgage on the property. In opposing Adams' motion for summary judgment the mortgagee argued that it had not received "constitutionally adequate notice of the pending tax sale." *Id.* at 795, 77 L.Ed. 2d at 185, 103 S.Ct. at 2709. The Supreme Court agreed that the mortgagee could not be deprived of its property interest without "notice reasonably calculated to apprise him of a pending tax sale." *Id.* at 798, 77 L.Ed. 2d at 187, 103 S.Ct. at 2711. The Court further held that

> [w]hen the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane [v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950)].

*Id.*

The evidence presented here shows that by the posting of the property Lackey received only constructive notice of the foreclosure hearing. However, constructive notice alone is not sufficient to comply with minimum due process requirements. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, . . ., if its name and address are reasonably ascertainable." *Id.* at 800, 77 L.Ed. 2d at 188, 103 S.Ct. at 2712. [Emphasis in original.]

We interpret G.S. 45-21.16 to allow service upon a party by posting the notice only in those instances where the party's name

and address are not reasonably ascertainable. Otherwise, posting will suffice only when "supplemented" by notice mailed to the party's last known address or by personal service. The facts here are undisputed and demonstrate that Lackey's name and address were, in fact, reasonably ascertainable. The trustee testified he had Lackey's name and address in his files. The trustee did not supplement the constructive notice with notice "reasonably calculated to apprise him" of the foreclosure hearing.

We hold that plaintiff's failure to supplement constructive notice with notice by mail fails to comply with the minimum due process requirements of the Fourteenth Amendment. Accordingly, we reverse the trial court's grant of summary judgment in favor of plaintiff and direct entry of summary judgment in favor of defendant Lackey.

Reversed and remanded.

Chief Judge HEDRICK and Judge WELLS concur.