FLEET NATIONAL BANK v. RALEIGH OAKS JOINT VENTURE

[117 N.C. App. 387 (1994)]

FLEET NATIONAL BANK, Plaintiff v. RALEIGH OAKS JOINT VENTURE, RALEIGH OAKS SHOPPING CENTER INC. and SEYMOUR VOGEL, Defendants

No. 9310SC1276

(Filed 20 December 1994)

**1. Mortgages and Deeds of Trust § 117 (NCI4th)— deficiency action—actual notice of foreclosure proceeding—personal service not required**

The individual defendant could not argue that he could not be held liable for the deficiency after a foreclosure sale because he was not personally served with notice of the foreclosure hearing, where defendant had actual knowledge of the foreclosure proceeding. N.C.G.S. § 45-16.21(b)(2)

**Am Jur 2d, Mortgages §§ 905 et seq.**

**2. Mortgages and Deeds of Trust § 117 (NCI4th)— foreclosure sale—purchase by mortgagee—leasehold interest— G.S. 45-21.36 inapplicable**

Defendants in an action to recover a deficiency after a foreclosure were not permitted to assert the defense of N.C.G.S. § 45-21.36 that at any foreclosure sale at which the mortgagee is the purchaser and thereafter sues for a deficiency remaining on the indebtedness secured by the property, the mortgagor may assert as a defense that the property foreclosed upon was worth the amount of the debt secured by it at the time of the sale or that the amount bid was substantially less than the property's true value, since by its own terms, the statute applies only to sales of real estate, and the leasehold interest sold here was not "real estate" within the meaning of the statute.

**Am Jur 2d, Mortgages § 922.**

Judge Thompson concurring.

Appeal by defendants from judgment entered 20 September 1993 by Judge Wiley F. Bowen in Wake County Superior Court. Heard in the Court of Appeals 14 September 1994.

Defendant Raleigh Oaks Joint Venture (ROJV) is a Tennessee joint venture. Its principals are defendants Raleigh Oaks Shopping Center Inc. (ROSC) and Seymour Vogel. In December 1988 Fleet

National Bank (Fleet) loaned ROJV money to build a shopping center in Raleigh, North Carolina, on property which ROJV leased for ninety-nine years from Lois and Randolph Jeffreys. ROJV executed a promissory note for the loan amount which was secured by a deed of trust on the leasehold estate.

The loan agreement and the deed of trust required ROJV to keep the lease in full force and effect. ROJV apparently defaulted on the lease, after which Fleet accelerated the indebtedness. In September 1990 Fleet filed a complaint against all three defendants for recovery of the amount due on the note. In April or May 1991 Fleet instituted foreclosure proceedings on the leasehold estate. The trustee served notice of foreclosure personally on ROJV and ROSC, but, after a failed attempt to serve Vogel personally, the trustee served him by posting notice on the shopping center property. At the foreclosure hearing the Clerk of Wake County Superior Court found that all parties were properly notified and allowed the trustee to proceed with the foreclosure sale. Fleet, the only bidder at the sale, purchased the lease for less than the amount remaining due on the note.

When Fleet sought recovery of the deficiency, Vogel moved to dismiss on the ground that he was never personally served with notice of the foreclosure. All defendants moved to supplement their answer to include the defense in N.C. Gen. Stat. § 45-21.36 (1991). Both defense motions were denied, but plaintiff's subsequent motion for summary judgment was allowed. The superior court judge entered judgment for Fleet for the amount remaining due on the note. From this judgment defendants appeal.

*McMillan, Kimzey & Smith, by James M. Kimzey and Katherine E. Jean, for Lois and Randolph Jeffreys, assignees of plaintiff appellee.*

*Howard, From, Stallings & Hutson, P.A., by Lewis E. Lamb III and John N. Hutson, Jr., for defendant appellants.*

ARNOLD, Chief Judge.

[1] Vogel argues that he cannot be held liable for the deficiency after the foreclosure sale because he was not personally served with notice of the foreclosure hearing. The record reveals that the trustee attempted personal service on Vogel by mailing notice of the hearing by certified mail to the address specified by Vogel in the deed of trust. This attempt at service failed because Vogel had moved to Florida.

FLEET NATIONAL BANK v. RALEIGH OAKS JOINT VENTURE

[117 N.C. App. 387 (1994)]

The trustee also mailed notice by certified mail to ROJV "c/o Seymour Vogel" at ROJV's Raleigh address. This notice was accepted by one of ROJV's agents. The trustee also served notice by posting on the property pursuant to N.C. Gen. Stat. § 45-21.16(a).

Vogel's attorney, who represents ROJV and ROSC as well, stated in an affidavit that he was not aware of a service problem until twenty-two months after the foreclosure hearing. Nonetheless, Vogel contends that his attorney appeared at the hearing only on behalf of ROJV. Vogel admits he had actual notice of the hearing, but he did not attend the hearing or raise an objection to service, nor did he appeal from the clerk's finding that all parties were properly served. The objection to service was raised shortly before Fleet's action on the note arose for trial.

G.S. § 45-21.16 provides that the notice required for foreclosure under a power of sale

> [S]hall be served in any manner provided by the Rules of Civil Procedure for the service of summons, or may be served by actual delivery by registered or certified mail, return receipt requested; provided, that in those instances in which service by publication would be authorized, service may be made by posting a notice in a conspicuous place and manner upon the property for a period of not less than 20 days before the date of the hearing; provided further, if service upon a party cannot be effected after a reasonable and diligent effort in a manner authorized above, notice to such party may be given by posting a notice in a conspicuous place and manner upon the property for a period of not less than 20 days before the date of hearing. . . .

Vogel contends that Fleet knew his Florida address because Fleet corresponded with him in Florida several times in late 1990 and early 1991. Because his Florida address was easily ascertainable, Vogel argues that the trustee did not use reasonable and diligent efforts to personally serve him, and notice by posting was therefore invalid. Vogel further argues that because notice by posting was invalid he is not liable for the deficiency on the note by virtue of G.S. § 45-21.16(b)(2) which provides that any person liable on an indebtedness who does not receive notice "shall not be liable for any deficiency remaining after the [foreclosure] sale."

Deciding whether or not the trustee used reasonable and diligent efforts to personally serve Vogel is unnecessary, because Vogel may

not assert the defense in G.S. § 45-21.16(b)(2) since he had actual knowledge of the foreclosure hearing. In *Turner v. Blackburn*, 389 F. Supp. 1250 (W.D.N.C. 1975), our previous foreclosure statute was declared unconstitutional because it did not provide adequate notice of foreclosure and did not provide a foreclosure hearing. G.S. § 45-21.16 was enacted to satisfy these minimum due process requirements. *In re Foreclosure of Sutton Invs.*, 46 N.C. App. 654, 266 S.E.2d 686, *disc. review denied, appeal dismissed*, 301 N.C. 90 (1980). It was designed to insure that the mortgagor receive actual notice of the · foreclosure hearing. *See Federal Land Bank v. Lackey*, 94 N.C. App. 553, 380 S.E.2d 538 (1989), *aff'd per curiam*, 326 N.C. 478, 390 S.E.2d 138 (1990). Due process demands that the trustee make diligent efforts to give the mortgagor actual notice of the foreclosure hearing so that the mortgagor may assert any available defenses to foreclosure or take advantage of the equitable relief found in G.S. § 45-21.34. *See In re Watts*, 38 N.C. App. 90, 247 S.E.2d 427 (1978).

It is undisputed that Vogel received actual notice of the foreclosure hearing and could have taken advantage of the relief provided in G.S. § 45-21.34, assuming he had grounds, or he could have objected to the method of service. Instead, he chose to sit on his rights and allow the foreclosure to proceed. He may not argue now that service on him was inadequate.

Vogel argues that this Court's decision in *PMB Inc. v. Rosenfeld*, 48 N.C. App. 736, 269 S.E.2d 748 (1980), *disc. review denied*, 301 N.C. 722, 274 S.E.2d 231 (1981), renders actual notice irrelevant. Although actual notice was deemed irrelevant in *PMB*, that holding was limited to the facts of that case. In *PMB*, the only evidence of notice to the mortgagor was a purported letter to, and telephone conversation with, the mortgagor's attorney. The Court in *PMB* stated that the "[m]ortgagor's actual knowledge is irrelevant in *this case*. G.S. § 45-21.16 is clear in its requirement that notice shall be served in such a manner that there will be unbiased and reliable extrinsic evidence of the fact notice was served." *PMB*, 48 N.C. App. at 737, 269 S.E.2d at 749 (emphasis added). These concerns over record evidence of service are not present here where the record shows compliance with the posting requirements in G.S. § 45-21.16.

[2] All defendants argue that they should be permitted to assert the defense in G.S. § 45-21.36. G.S. § 45-21.36 provides that at any foreclosure sale at which the mortgagee is the purchaser and thereafter sues for a deficiency remaining on the indebtedness secured by the

property, the mortgagor may assert as a defense that the property foreclosed upon was worth the amount of the debt secured by it at the time of the sale, or that the amount bid was substantially less than the property's true value. Defendants produced evidence that the lease was worth substantially more than Fleet's bid, but the superior court judge denied defendants' motion to include this defense in their answer because "the property foreclosed was a leasehold interest in real property rather than 'real estate' as specified in the statute . . . ." The judge's ruling was correct.

By its own terms G.S. § 45-21.36 applies only to sales of real estate. "[A] lease is a species of personal property[,]" *Real Estate Trust v. Debnam*, 299 N.C. 510, 513, 263 S.E.2d 595, 597 (1980), and as such it is outside the scope of G.S. § 45-21.36. Defendants contend, however, that when the General Assembly amended Chapter 45 to include sales of leasehold interests within the meaning of "sales" in Article 2A, it intended to include sales of leasehold interests within the meaning of "any sale of real estate" in G.S. § 45-21.36. We disagree.

Defendants refer to the amendment of G.S. § 45-21.1, the definitions section of Article 2A. G.S. § 45-21.1 plainly states, however, that the definitions in that section apply to the provisions of Article 2A. G.S. § 45-21.36 is in Article 2B. Defendants' interpretation of Chapter 45 is therefore precluded by the terms of G.S. § 45-21.1.

Furthermore, the General Assembly has twice amended Chapter 45 to clarify that foreclosures of leasehold interests are governed by the procedural guidelines in Article 2A. On neither occasion did the General Assembly make changes indicating an intention to include leasehold interests within the coverage of Article 2B. If the General Assembly had such an intention, it easily could have stated it. The General Assembly's silence on this subject is convincing proof that defendants, as lessees, lack standing to assert the defense in G.S. § 45-21.36.

The superior court's order is affirmed.

Affirmed.

Judge MARTIN concurs.

Judge THOMPSON concurs with separate opinion.

Judge THOMPSON concurring.

I concur in the decision that the superior court's order should be affirmed. I would, however, base the decision upon the ground that, under the circumstances, the substitute trustee made reasonable and diligent efforts to serve Vogel personally. These efforts included the following:

(1) The trustee mailed notice of the hearing addressed to Vogel personally by certified mail to the address which was stipulated in the deed of trust as the address to which notice of forfeiture should be sent for "Raleigh Oaks Joint Venture, c/o Seymour Vogel." Under the terms of that instrument "any party may designate a change of address by written notice to the other. . . ." There is no evidence in the record that Vogel ever sent Fleet a notice of change of address.

(2) Although the notice that the trustee sent to Vogel personally was returned unaccepted, an identical notice that the trustee sent by certified mail to "Raleigh Oaks Joint Venture, c/o Seymour Vogel" at the same Raleigh address, "4600 Marriott Drive, Suite 130," was accepted by a Wm. Loggins, who was present in that office on May 15, 1991. Vogel presented no evidence that the person who accepted service for him at the Raleigh address was not authorized to do so. Moreover, in his answer to the complaint in this action, filed on November 19, 1990, just six months before the trustee instituted the foreclosure proceedings, and a year _after_ he contends he moved to Florida, Vogel admitted that he was then a citizen and resident of North Carolina.

(3) When the notice of hearing addressed to Vogel personally was returned undelivered, the trustee undertook to serve Vogel through the Wake County Sheriff's Department, which returned the service indicating that Mr. Vogel could not be found at that address.

(4) It was then that the trustee posted the notice of hearing on the property to be foreclosed, as described in the court's opinion. I conclude that, despite the fact that Fleet's Tennessee attorneys had corresponded with Vogel with regard to a loan on Tennessee property at a time when Vogel was in Florida, the trustee made reasonable and diligent efforts to serve Vogel personally. _Compare Federal Land Bank v. Lackey_, 94 N.C. App. 553, 380 S.E.2d 538 (1989), _aff'd per curiam_, 326 N.C. 478, 390 S.E.2d 138 (1990). The fact that Vogel had actual notice of the foreclosure hearing merely establishes the equitable nature of this result and further supports the trial court's decision.

I conclude that all of the factors present in this case acted in complimentary fashion to validate the service.