**HOMETRUST BANK v. GREEN**

[231 N.C. App. 260 (2013)]

HOMETRUST BANK, Plaintiff
v.
RICHARD H. GREEN AND JUDY L. GREEN, Defendants

No. COA13-511

Filed 3 December 2013

## Process and Service—notice of foreclosure proceedings—actual notice

The superior court properly granted plaintiff's motion for summary judgment in a foreclosure proceeding as to defendant Richard Green, despite the fact that he was not individually served with notice of either foreclosure hearing. Richard Green had actual notice of the foreclosure hearings where the notices were mailed to Advantage Development, in care of Richard Green, and signed for by Richard Green. However, the superior court erred by granting plaintiff's motion for summary judgment as to defendant Judy Green where there was an issue of material fact as to whether Judy Green had actual notice of the foreclosure hearings.

Appeal by defendants from an order and a judgment entered 11 January 2013 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 4 November 2013.

*The Dungan Law Firm, P.A., by James W. Kilbourne, Jr., for plaintiff-appellee.*

*Matney & Associates, P.A., by David E. Matney, III and Amy P. Mody, for defendants-appellants.*

MARTIN, Chief Judge.

Defendants Richard H. Green and Judy L. Green appeal from the entry of summary judgment in favor of plaintiff HomeTrust Bank awarding plaintiff a judgment against them in the amount of $1,441,000 plus interest, costs, and attorney's fees.

The record established the following undisputed facts: in April 2007, Advantage Development Company, through its president, Richard H. Green, and its secretary, Judy L. Green, entered into a mortgage agreement with plaintiff. The mortgage was for $712,000 and was secured by Lot 27 in the King Heights subdivision located in Buncombe County,

North Carolina. Mr. and Mrs. Green also individually signed a Mortgage Loan Guaranty of Payment and Completion agreement.

In May 2007, Advantage Development entered into another mortgage agreement with plaintiff. The second mortgage was for $729,000 and was secured by Lot 15 in the King Heights subdivision located in Buncombe County, North Carolina. Mr. and Mrs. Green again individually signed a Mortgage Loan Guaranty of Payment and Completion agreement.

Advantage Development defaulted on both mortgages, and plaintiff commenced foreclosure proceedings on both Lots 27 and 15 on 30 December 2011. Notices of the foreclosure hearings were sent to Advantage Development in care of Richard Green, as registered agent, and were received by him on 3 January 2012, as evidenced by the registry receipt. Neither Mr. Green nor Mrs. Green were served with any other notices of the foreclosure hearings. On 19 January 2012, the clerk of superior court entered two orders allowing the foreclosure sales, and both properties were sold for less than the outstanding balance due.

On 30 December 2011, plaintiff also filed a verified complaint in the present action to recover the outstanding balance of both mortgages from Mr. and Mrs. Green pursuant to the guaranty agreements. Plaintiff and defendants moved for summary judgment. The superior court denied defendants' motion and granted plaintiff's motion for summary judgment, entering a judgment against both defendants for a total of $1,441,000, plus $139,778.94 in interest, with interest to accrue at a rate of 8% until both mortgages are paid in full. The superior court also awarded plaintiff $2,816 in attorney's fees and $330.84 in costs. Mr. and Mrs. Green appeal.

---

The issue before us on appeal is whether the superior court properly granted plaintiff's motion for summary judgment, which thereby granted plaintiff a deficiency judgment against both Mr. and Mrs. Green, despite the fact that they were not individually served with notice of either foreclosure hearing.

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

Mr. and Mrs. Green contend that because they were not individually given notice of either foreclosure hearing, they are not liable for any mortgage deficiency remaining after the sale of the two lots. *See* N.C. Gen. Stat. § 45-21.16(b)(2) (2011).

N.C.G.S. § 45-21.16(b)(2) requires notice of a foreclosure hearing to be served on "[a]ny person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor, and any such person not notified shall not be liable for any deficiency remaining after the sale." N.C. Gen. Stat. § 45-21.16(b)(2) (2011). North Carolina's "previous foreclosure statute was declared unconstitutional because it did not provide adequate notice of foreclosure and did not provide a foreclosure hearing." *Fleet Nat'l Bank v. Raleigh Oaks Joint Venture,* 117 N.C. App. 387, 390, 451 S.E.2d 325, 327 (1994) (citing *Turner v. Blackburn,* 389 F. Supp. 1250, 1254 (W.D.N.C. 1975) (concluding that "North Carolina's foreclosure procedure is unconstitutional under the fourteenth amendment")). As a result, section 45-21.16 "was enacted to meet the minimum due process requirements of personal notice and a hearing." *Fed. Land Bank of Columbia v. Lackey,* 94 N.C. App. 553, 556, 380 S.E.2d 538, 539 (1989), *aff'd per curiam,* 326 N.C. 478, 390 S.E.2d 138 (1990).

This Court considered an issue similar to the issue in this case in *Fleet National Bank,* 117 N.C. App. 387, 451 S.E.2d 325. In *Fleet National Bank,* the trustee mailed notice of the foreclosure hearing to the defendant individually, which he never received, and also mailed notice to the joint venture in care of the defendant, which was accepted by an agent for the joint venture. *Fleet Nat'l Bank,* 117 N.C. App. at 388–89, 451 S.E.2d at 327. Based on these facts, this Court stated, "[defendant] may not assert the defense in G.S. § 45-21.16(b)(2) since he had *actual knowledge* of the foreclosure hearing" through notice on the joint venture. *Id.* at 389–90, 451 S.E.2d at 327 (emphasis added). Furthermore, this Court stated that the defendant cannot argue that "service on him was inadequate" because he had actual notice of the foreclosure hearing. *Id.* at 390, 451 S.E.2d at 328.

In this case, the notices of the foreclosure hearings were mailed to Advantage Development, in care of Richard Green, and signed for by Richard Green. As a result, Mr. Green had actual notice of the foreclosure hearings, and it is of no material consequence that notices of the hearings were not mailed to him individually. *See id.* at 389–90, 451 S.E.2d at 327. Thus, plaintiff has established that it is entitled to summary judgment against Mr. Green for any deficiency.

As to Mrs. Green, however, the analysis is different. *Fleet National Bank* established that "[d]eciding whether or not the trustee used reasonable and diligent efforts to personally serve [defendant] is unnecessary, because [defendant] . . . had actual knowledge of the foreclosure hearing." *Id.* In this case, there is evidence in the record that the notices for the foreclosure sales were published in the Black Mountain Newspaper; however, there is no evidence that there was an attempt to personally serve Mrs. Green. North Carolina Rule of Civil Procedure 4(j1) allows for service of process by publication only when a party "cannot with due diligence be served by personal delivery, registered or certified mail, or by a designated delivery service." N.C. Gen. Stat. §1A-1, Rule 4(j1) (2011). Therefore, to find that Mrs. Green had notice of the foreclosure hearings, she must have actual knowledge of the foreclosure hearings because there was no attempt to personally serve her.

The plaintiff has failed to establish a presumption of actual notice because the foreclosure notices were addressed to and served on Advantage Development in care of Richard Green and were not addressed to Mrs. Green. *But see Fleet Nat'l Bank*, 117 N.C. App. at 389–90, 451 S.E.2d at 327 (holding that defendant had actual notice when plaintiff sent notice to the joint venture, in care of defendant). Therefore, plaintiff has failed to demonstrate that it is entitled, as a matter of law, to a judgment against Mrs. Green for any deficiency. There is a genuine issue of material fact as to whether Mrs. Green had actual notice of the foreclosure hearings because of her role as secretary of Advantage Development, or because the foreclosure notices, though not addressed to her, were mailed to the same address where she received the summons and complaint in this matter. Summary judgment as to Mrs. Green is, therefore, reversed and remanded for trial.

Affirmed in part, reversed in part, and remanded.

Judges STEELMAN and DILLON concur.