An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-267

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

HOMETRUST BANK,
    Plaintiff,

v.

GEORGE N. TSIROS and TAMMY TSIROS,
    Defendants.

Buncombe County
No. 12 CVS 5768

Appeal by plaintiff from judgment entered 1 October 2013 by Judge Alan Z. Thornburg in Buncombe County Superior Court. Heard in the Court of Appeals 21 May 2014.

> *Dungan, Kilbourne & Stahl, P.A., by James W. Kilbourne, Jr., and Zephyr Jost, for the plaintiff-appellant.*

> *Matney & Associates, P.A., by David E. Matney III and Amy P. Mody, for the defendant-appellees.*

McCULLOUGH, Judge.

HomeTrust Bank ("plaintiff") appeals the judgment of the trial court granting summary judgment in favor of George Tsiros ("Mr. Tsiros") and Tammy Tsiros ("Mrs. Tsiros") (together "defendants"). For the following reasons, we reverse the summary judgment in favor of Mr. Tsiros and affirm the summary judgment in favor of Mrs. Tsiros.

## I. Background

On 15 February 2008, Demelize Property Group, LLC ("Demelize") executed a Commercial Promissory Note for $635,000 secured by a Commercial Real Estate Deed of Trust for real property located at 2975 Memorial Highway, Lake Lure, North Carolina, payable to plaintiff. On the same day, defendants individually executed a Commercial Loan Guaranty ("Guaranty") backing the Commercial Promissory Note. At the time of executing the Guaranty, defendants lived at 24 Pine Meadow Drive, Asheville, North Carolina. Prior to 24 June 2010, defendants moved to 38 Edwin Place, Asheville, North Carolina, maintaining the 24 Pine Meadow Drive property as a rental property. On 26 May 2010, Demelize and defendants executed a Loan Modification Agreement to reduce the fixed interest rate of the Commercial Promissory Note and to temporarily allow an interest only repayment period. In 2011, Demelize stopped making payments on the loan.

On 11 October 2011, plaintiff appointed Matthew S. Roberson as substitute trustee. On 20 October 2011, plaintiff, through Matthew Roberson, filed a Special Proceeding Action with Notice of Hearing as to Commencement of Foreclosure Proceeding. The Notice of Hearing ("Notice") was mailed to the mortgagee:

Demelize Property Group, LLC c/o Registered Agent, George Tsiros at 38 Edwin Place, Asheville, NC and PO Box 8517, Asheville, NC. It was also sent to the guarantors: George Tsiros at 24 Pine Meadow Drive, Asheville, NC and Tammy Tsiros at 24 Pine Meadow Drive, Asheville, NC. The Notice sent to Mrs. Tsiros at 24 Pine Meadow Drive was signed for by the tenant of the property, Erin Hykin. On 4 November 2011, an Amended Notice of Hearing as to Commencement of Foreclosure Proceeding was sent to: Demelize Property Group, LLC c/o Registered Agent, George Tsiros, 38 Edwin Place, Asheville, NC; George Tsiros, 24 Pine Meadow Drive, Asheville, NC; and Tammy Tsiros, 24 Pine Meadow Drive, Asheville, NC. On 10 November 2011, George Tsiros, as the registered agent, signed for and accepted service of the Notice delivered by FedEx to Demelize at 38 Edwin Place, Asheville, NC. Defendants did not take any action with regard to the foreclosure.

On 15 December 2011, the Clerk of Superior Court of Rutherford County issued an Order Allowing Foreclosure Sale. Also on 15 December 2011, a Notice of Foreclosure sale was posted at the Rutherford County Courthouse in the area designated for posting. On 6 January 2012, plaintiff purchased the property in question at the foreclosure sale for $222,000,

resulting in a principal balance deficiency of $389,927.28. On 1 March 2012, plaintiff commenced an action against defendants, as guarantors, to recover the deficiency. The Final Report and Accounting of Foreclosure Sale was recorded on 27 March 2012. In defendants' answer to the complaint, defendants raised lack of service of the Notice of Hearing and application of N.C. Gen. Stat. § 45-21.16(b) as a bar to plaintiff pursuing the deficiency action. Plaintiff then filed a voluntary dismissal without prejudice.

On 4 June 2012, plaintiff, through Matthew Roberson, filed a Motion for Relief from Order of Foreclosure and to Set Aside the Foreclosure Sale ("Rule 60 Motion"). The motion was delivered to all parties. On 13 June 2012, an Amended Notice of Hearing was filed and served. Defendants' attorney entered Notice of Appearance on 15 June 2012 to argue against the Rule 60 Motion. The hearing was held on 26 June 2012 in Rutherford County Superior Court. At the hearing, plaintiff argued to set aside the foreclosure sale claiming there was not proper service on defendants. Specifically, plaintiff argued to set aside the foreclosure sale "in order to give [plaintiff] a new time to notice everybody up for the hearing so that [defendants] can

come argue their case." The court denied the Rule 60 Motion without issuing findings of fact.

On 5 December 2012, plaintiff filed this action against defendants to recover the deficiency. Defendants filed an answer to the complaint on 7 January 2013 raising the following affirmative defenses: (1) they were not properly served with the Notice of Hearing in the foreclosure action as required by N.C. Gen. Stat. § 45-21.16(b), (2) the inadequacy of the bid amount, and (3) estoppel. On 3 September 2013, plaintiff filed a Motion for Summary Judgment and the court entered summary judgment in favor of defendants on 1 October 2013. On 1 November 2013, plaintiff filed Notice of Appeal.

## II. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 523–24, 649 S.E.2d 382, 385 (2007)). "On appeal, this Court's task is to determine, on the basis of the materials presented to the trial court, whether there is a genuine issue as to any material fact

and whether the moving party is entitled to judgment as a matter of law." *Coastal Plains Utils., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 340, 601 S.E.2d 915, 920 (2004).

## III. Discussion

Plaintiff's first argument on appeal is the trial court erred when it granted summary judgment in favor of Mr. Tsiros because he had actual notice of the foreclosure. We agree.

After North Carolina's previous foreclosure statute was declared unconstitutional, N.C. Gen. Stat. § 45-21.16 "was enacted to meet the minimum due process requirements of personal notice and a hearing." *HomeTrust Bank v. Green*, ___ N.C. App. ___, ___, 752 S.E.2d 209, 211 (2013) (quotation marks and citation omitted). Under N.C. Gen. Stat. § 45-21.16(b)(2), a notice of hearing shall be served upon "[a]ny person obligated to repay the indebtedness against whom the holder thereof intends to assert liability therefor, and any such person not notified shall not be liable for any deficiency remaining after the sale." N.C. Gen. Stat. § 45-21.16(b)(2) (2013). "The notice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure for service of summons, including service by registered mail or certified mail, return receipt requested." N.C. Gen. Stat. § 45-21.16(a). "Due

process demands that the trustee make diligent efforts to give the mortgagor *actual* notice of the foreclosure hearing so that the mortgagor may assert any available defenses to foreclosure or take advantage of the equitable relief found in G.S. § 45-21.34." *Fleet Nat. Bank v. Raleigh Oaks Joint Venture*, 117 N.C. App. 387, 390, 451 S.E.2d 325, 327 (1994) (emphasis added).

In *Fleet Nat. Bank*, after the defendants defaulted on their loan, the plaintiff instituted foreclosure proceedings against defendant Raleigh Oaks Joint Venture ("ROJV") and its principals, Raleigh Oaks Shopping Center Inc. ("ROSC") and Seymour Vogel ("Vogel"). *Id.* at 387-88, 451 S.E.2d at 326. The plaintiff personally served ROJV and ROSC, but failed in attempting to personally serve Vogel. *Id.* at 388, 451 S.E.2d at 326. Plaintiff posted notice of the foreclosure hearing at the shopping center property. *Id.* After the foreclosure sale, the plaintiff sought recovery of the deficiency. Vogel then moved to dismiss the deficiency action because he was not personally served. *Id.* Although Vogel was not personally served, Vogel admitted he had actual knowledge of the foreclosure sale. *Id.* at 389, 451 S.E.2d at 327. Despite his knowledge, Vogel did not attend the hearing or raise an objection to proper service. *Id.* This Court held that "Vogel may not assert the defense in G.S. §

45-21.16(b)(2) since he had actual knowledge of the foreclosure hearing." *Id.* at 389-90, 451 S.E.2d at 327.

In *Green*, the defendants, Mr. and Mrs. Green, appealed from summary judgment in favor of the plaintiff granting a deficiency judgment against them. *Green,* ____ N.C. App. at ___, 752 S.E.2d at 210. On appeal, the defendants argued that they were not personally served notice of the foreclosure sale. *Id.* at ___, 752 S.E.2d at 211. However, the notice sent to the defendants' company, Advantage Development Company, in care of Mr. Green was accepted and signed for by Mr. Green. *Id.* This Court held that because Mr. Green accepted service as President of Advantage Development Company, he had actual notice of the hearing and the plaintiff was entitled to summary judgment against Mr. Green for any deficiency. *Id.* This Court also held that questions of material fact still remained as to whether Mrs. Green had actual notice and reversed and remanded for trial. *Id.* at __, 752 S.E.2d at 212.

In the present case, Mr. Tsiros was not personally served with notice of the foreclosure hearing, but he accepted service of the notice as the registered agent of Demelize. He also admitted at his deposition that he had actual knowledge of the foreclosure hearing. Yet, despite his knowledge, "he chose to

sit on his rights and allow the foreclosure to proceed." *Fleet Nat. Bank,* 117 N.C. App at 390, 451 S.E.2d at 328. As in *Fleet Nat. Bank*, Mr. Tsiros "may not argue now that service on him was inadequate" as a defense to his liability for the deficiency. *Id.* at 390, 451 S.E.2d at 327. Mr. Tsiros had actual notice of the hearing "and it is of no material consequence that notice[] of the hearing[] [was] not mailed to him individually." *Green,* ___ N.C. App. at ___, 752 S.E.2d at 211.

Accordingly, pursuant to *Fleet Nat. Bank* and *Green,* because Mr. Tsiros had actual notice of the foreclosure, the defense in N.C. Gen. Stat. § 45-21.16 is unavailable to him and he is liable for the deficiency. Therefore, we reverse the trial court's grant of summary judgment in favor of Mr. Tsiros.

Plaintiff's second argument on appeal is the trial court erred when it granted summary judgment in favor of Mrs. Tsiros because questions of material fact remain unresolved. We disagree.

Unlike Mr. Tsiros, there is no evidence that Mrs. Tsiros had actual knowledge of the foreclosure. She stated during her deposition that she did not know about the foreclosure and only found out after plaintiff filed the deficiency action. Mr. Tsiros also testified that although he had actual knowledge of

the foreclosure proceedings, he did not share the information with Mrs. Tsiros. Since Mrs. Tsiros did not have actual knowledge of the hearing, the issue is whether plaintiff properly served her with notice.

Plaintiff admitted the service on defendants was improper at the Rule 60 motion hearing. "Due process demands that the trustee make *diligent* efforts to give the mortgagor actual notice[.]" *Fleet Nat. Bank*, 117 N.C. App. at 390, 451 S.E.2d at 327 (emphasis added). "Due diligence dictates that plaintiff use all resources reasonably available to [him or] her in attempting to locate defendants." *Fountain v. Patrick*, 44 N.C. App. 584, 587, 261 S.E.2d 514, 516 (1980).

When defendants executed the loan modification agreement with plaintiff in May 2010, defendants' current 38 Edwin Drive address was recorded in the agreement. Plaintiff could have obtained the current address to properly serve defendants had it simply looked at the agreement on file. However, plaintiff mailed the notices to defendants' old address at 24 Pine Meadow Drive. Plaintiff cannot argue that it did everything it could to properly serve defendants when, had plaintiff been diligent in mailing the notices, it could have properly served defendants at their current address.

Plaintiff also argues that Mrs. Tsiros is liable for the deficiency, regardless of whether she had actual notice, because she suffered no injury. In support of its argument, plaintiff cites *Boley v. Brown*, 10 F.3d 218, 222 (4th Cir. 1993), which states "[w]here the deprivation of a protected interest is substantively justified but procedures are deficient in some respect, there may well be those who suffer no distress over the procedural irregularities . . . ."

Yet, in the present case, Mrs. Tsiros testified that had she known about the foreclosure sale she would have contacted family and friends to ask for help. While plaintiff claims that there is nothing in the record to show that a friend or family member of Mrs. Tsiros had the requisite financial means to assist her in paying the debt, defendants submitted an affidavit of William Pfeiffer who asserted that "[i]f George had contacted me in the fall of 2011 to borrow funds to pay off the indebtedness to [plaintiff], I had sufficient assets available to me such that I could have made such a loan." It is reasonable to believe, had Mrs. Tsiros received notice of the sale, she could have spoken with her husband about possible ways to avoid foreclosure and she could have asked Mr. Tsiros to speak with William Pfeiffer about borrowing the money to pay off

the debt. Thus, it is incorrect to say that Mrs. Tsiros has suffered no injury.

Accordingly, because plaintiff failed to properly serve defendants, despite having access to the correct mailing address, and because Mrs. Tsiros did not have actual knowledge of the foreclosure hearing, the defense in N.C. Gen. Stat. § 45-21.16(b) is available to Mrs. Tsiros and she is not personally liable for the deficiency. Summary judgment in favor of Mrs. Tsiros was proper.

Defendants also argue the trial court properly granted summary judgment in their favor because plaintiff cannot collaterally attack the foreclosure judgment and is estopped under the doctrine of judicial estoppel. Upon review, we find these arguments misplaced.

"A collateral attack is one in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid." *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969) (quotation marks and citation omitted). "A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."

*Reg'l. Acceptance Corp. v. Old Republic Sur. Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003)(internal quotation marks omitted).

On the other hand,

> [j]udicial estoppel, or preclusion against inconsistent positions, is an equitable doctrine designed to protect the integrity of the courts and the judicial process. . . . [It] is to prevent litigants from playing 'fast and loose' with the courts and deliberately changing positions according to the exigencies of the moment. Thus, [j]udicial estoppel forbids a party from asserting a legal position inconsistent with one taken earlier in the same or related litigation. The doctrine prevents the use of intentional self-contradiction . . . as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.

*Price v. Price*, 169 N.C. App. 187, 191, 609 S.E.2d 450, 452 (2005) (quotation marks and citations omitted) (alterations in original).

We find neither collateral attack nor judicial estoppel applicable in the present case. First, collateral attack does not apply because plaintiff is not arguing to invalidate the foreclosure judgment. Instead, plaintiff contends Mr. Tsiros's actual knowledge of the original hearing is sufficient under N.C. Gen. Stat. § 45-21.16(b)(2) and he is, therefore, liable for the deficiency regardless of whether or not the foreclosure was set aside. Since plaintiff's claim is not dependent on the

outcome of the Rule 60 Motion, collateral attack does not apply. Likewise, judicial estoppel does not apply in this case because plaintiff is not arguing a position inconsistent with that argued at the Rule 60 Motion hearing. During the Rule 60 Motion hearing, plaintiff argued defendants were not properly served. Specifically, plaintiff argued "[it] intended to notify [defendants] and they didn't perfect that notice . . ." and the sale should be set aside so that it may go back and serve defendants properly as it intended to do. In the current case, plaintiff argues Mr. Tsiros is liable for the deficiency regardless of whether or not service was proper because he had actual notice. This current position is not inconsistent with plaintiff's position at the Rule 60 Motion hearing; thus, judicial estoppel does not apply.

## IV. Conclusion

For the reasons discussed, we hold the trial court erred in granting summary judgment in favor of Mr. Tsiros because he had actual knowledge of the foreclosure. However, we hold the trial court did not err in granting summary judgment in favor of Mrs. Tsiros because the evidence produced showed she did not have actual knowledge of the foreclosure, plaintiff was unable to provide any evidence that she had actual knowledge, and

plaintiff was not diligent in providing proper service. As a result, we reverse the trial court's grant of summary judgment in favor of Mr. Tsiros and affirm the trial court's grant of summary judgment in favor of Mrs. Tsiros.

Reversed in part; affirmed in part.

Judges STEPHENS and STROUD concur.

Report per Rule 30(e).